ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* REED.

Opinon delivered November 15, 1909.

1. MASTER AND SERVANT—MASTER'S DUTY AS TO APPLIANCES.—It is the master's duty to exercise reasonable care in furnishing suitable and safe machinery and appliances, and to keep the same in repair. (Page 355.)

2.  SAME—DUTY AS TO INSPECTIONS.—In order to keep machinery and appliances furnished to a servant in good repair, the master must continuously make reasonable inspections thereof.   (Page 355.)

3.  SAME—WHEN MASTER LIABLE.—Where a servant is injured by the defective condition of the machinery or appliances with which he is required to work, without contributory negligence on his part, the master is responsible, unless the defect could not have been known or guarded against by reasonable care on his part.   (Page 356.)

4.  SAME—NEGLIGENCE PROVED BY CIRCUMSTANCES.—While the occurrence of an injury to a servant will not raise a presumption of negligence on the master's part, the master's negligence may be shown by proving that the defect that caused the injury was discoverable by the exercise of ordinary care.   (Page 356.)

5.  SAME—DUTY IN SELECTING INSPECTORS.—Where a master delegates to another the duty of making inspection of appliances furnished to a servant, he is only required to exercise reasonable care in the selection of such inspector, but not to select an inspector who possesses the highest efficiency of skill and ability.   (Page 357.)

6.  APPEAL AND ERROR—FORMER OPINION AS LAW OF CASE.—Where, upon a former appeal, an instruction was approved as correct, such ruling is the law of the case upon a second trial where there is no change in the evidence.   (Page 358.)

7.  DAMAGES—EXCESSIVENESS.—Where plaintiff was, by defendant's negligence, injured on the head to such extent that his hearing was greatly impaired; had his shoulder bruised and his collarbone broken; was confined to his bed for several weeks; before the injury was able to earn $1.12½ to $1.25 per day, and was unable to labor for several months after the injury, a verdict for $1,500 was not excessive. (Page 358.)

Appeal from Marion Circuit Court; *Brice B. Hudgins,* Judge; affirmed.

*Kinsworthy & Rhoton, Horton & South, G. De M. Henderson* and *James H. Stevenson,* for appellant.

1.   The evidence fails to show liability on part of defendant. The company is not liable for hidden defects of which it had no knowledge, and of which it could not have known by the exercise of ordinary care.   A proper inspection would not have disclosed the defect in this case.   4 Ell. on Railroads, § § 3783-4; Labatt on M. & S. § 102; 146 Ind. 564; 67 Ala. 13, 20.   A railroad is not bound to adopt *extraordinary* tests to discover defects. 76 Ala. 494.   The duty of the company was discharged if it used the same method and care in inspection of hand-cars as

commonly used by other prudent and well-conducted railroads in its class, etc. Labatt on M. & S. ch. 5, etc., § § 15-31, 163; 83 Ark. 318; 166 U. S. 617; 4 Thomp. Neg., § § 3803 c, 3926; 39 N. Y. 408; 7 Lea (Tenn.) 367; 86 Va. 270; 20 R. S. 926; 34 Kans. 326; 109 Wis. 602; 42 *Id.* 520; 132 N. Y. 273; 38 Mich. 537.

2. The court erred in giving the second instruction, in refusing defendant's first and third. Authorities *supra.*

*Jones & Seawel* and *Hamlin & Seawel,* for appellee.

1. The evidence amply supports the verdict, and the court's instructions were the law. 88 Ark. 366. The defect presented such an exterior appearance, visible to the naked eye, as would have made it discoverable by an ordinarily careful inspection. 51 Ark. 479; 67 *Id.* 305; 87 *Id.* 217; 82 *Id.* 372; 87 *Id.* 443; 44 *Id.* 524; 24 U. S. App. 295; 152 U. S. 684; 116 *Id.* 642; 137 Ill. 129; 101 N. Y. 547; 107 Ala. 645; 135 Mass. 201; 140 *Id.* 175; 117 Ind. 564; 88 N. Y. 225; 26 Cyc. 1142; 91 Ark. 343; 4 Thomps. on Neg., § § 3793-8; 78 Tex. 486; 197 Ill. 88, etc.

2. The defect being structural and of such a character as to render it unsafe, without regard to the crack, it might be inferred that the employer was aware of the defect. 26 Cyc. 1143 and notes.

FRAUENTHAL, J. The appellee, Thomas C. Reed, who was the plaintiff below, instituted this suit against the St. Louis, Iron Mountain & Southern Railway Company to recover for personal injuries caused by the breaking of the lever bar of a handcar. In November, 1907, he was in the employ of the defendant as a section hand, and in company with a number of the section crew was returning from work on a handcar furnished by the defendant. Upon the handcar was an upright bar, called a lever bar, with a handle at each end, by pumping which the car was propelled. The plaintiff and the other men of the crew were engaged in pumping the car when the lever bar broke about midway, and threw the plaintiff off backwards. He fell across the rail and on the ground between the rails. The car ran over him, and he was injured on his head, and his collar bone was broken, and he was otherwise severely hurt. He alleged that the defendant was negligent in failing to exercise ordinary care and prudence in furnishing him with a reasonably

safe handcar, and in failing to use ordinary care and diligence in keeping same in a reasonably safe condition; that the lever bar was defective, and was known to the defendant to be defective, or could have been known by it to have been defective by the exercise of ordinary care; and that its defective condition was unknown to the plaintiff.

The defendant denied the allegations of the complaint, and alleged that if there was any defect in the lever bar it was as patent to the plaintiff as to the defendant, and denied that defendant was negligent in any particular. There was a former trial of this cause in the circuit court, and a verdict was returned upon that trial in favor of the plaintiff. From the judgment rendered upon that verdict the defendant prosecuted an appeal to this court. Upon the hearing of said appeal this court reversed the said judgment and remanded the cause for a new trial. The opinion of this court upon that appeal is reported in 88 Ark. 458 (*St. Louis, I. M. & S. Ry. Co.* v. *Reed*). In that opinion there is set out a synopsis of the material evidence given upon the first trial and also the instructions which upon that trial were given to the jury.

Upon the second trial of this cause in the circuit court all the witnesses who had appeared in the first trial testified, and their evidence is substantially the same as that given on the former trial. In addition to those witnesses, other witnesses gave evidence on this second trial. It appears from the evidence that the lever bar was made of cast iron, and that it broke on account of a structural defect consisting of a blow hole on the interior of the casting. This cavity was not visible from the surface of the bar, but immediately below the broken place there was on the exterior of the bar a place that appeared corroded or rusty. After the bar was broken, a rusty streak was seen running from the cavity to the surface of the bar for about an inch, and showed that the bar was cracked to the surface.

The additional evidence on the part of plaintiff upon the second trial tended to prove that at the place where the bar was broken the rusty streak "extended clear out to the surface," and that when upon the morning after the injury the two pieces of the bar were put together the rusty streak showed on the exterior of the bar for about one-half of an inch, and that a

crack could be seen on the surface of the bar, and that this crack "was rusty and looked old." And by witnesses expert in their knowledge of this character of iron casting, and to whom was shown one piece of the broken bar, it was proved that if the rusty streak that appeared in the piece of the bar running from the cavity to the surface would have shown on the surface when the two pieces of the bar were placed together, then the crack could have been discovered by close inspection by the natural eye. There was also evidence tending to show that there was a depression on the surface of the bar near the blow hole; and one of the witnesses testified that this would denote a defect on the inside of the iron.

At the request of the plaintiff the court gave a number of instructions, all of which are reported in the former opinion; amongst which was the following instruction:

"2. You are instructed that it was not the duty of an employee to inspect the appliances of the business in which he is engaged, to see whether or not there are any latent defects that render their use more than ordinarily dangerous, but is only required to take notice of such defects or hazards as are patent or obvious to the senses. The fact that he might have known of defects, or that he had the means and opportunity of knowing them, will not prevent him from a recovery unless he did in fact know of them, or in the exercise of ordinary case ought to have known of them. It is the duty of the employer to exercise ordinary care and prudence in making reasonably careful examinations, searches or inspections at reasonable times by a competent inspector for hidden defects in appliances furnished to employees which can be discovered by a proper inspection by a competent inspector."

At the request of the defendant the court gave a number of instructions, all of which are reported in the said former opinion; and in addition thereto gave the following instructions at the request of the defendant:

"12. I instruct you that by the words 'reasonably careful examination,' as used in these instructions, is meant such examinations as are made by other prudently conducted and operated railroads.

"13. I instruct you further that by the words 'competent inspectors,' as used in these instructions, is meant such inspec-

tions as other prudently conducted and operated railroads use to inspect handcars on their roads.

"14. I instruct you that if you find from the evidence in this case that the method of inspection used by defendant railway company as to the time of the inspection of its handcars, and as to the kind or class of inspectors used in its inspections of handcars, is such as to times of inspection and class of inspectors as other prudently conducted and operated railroads use for that character of inspections, then the defendant railroad company would have fully performed its duty owed to the plaintiff in that respect, and defendant would not be liable for a failure to properly inspect the handcar upon which the plaintiff was injured.

"15. All the instructions are to be considered by you as the law of this case."

Upon this second trial a verdict was returned in favor of the plaintiff for $1,500; and from the judgment rendered thereon the defendant prosecutes this appeal.

The plaintiff was in the service of the defendant as a section hand, and while engaged in the performance of his duties upon a handcar he was injured by the breaking of the lever bar. There was a structural defect in this bar. As is said by Chief Justice HILL in the former opinion in this cause, the right of a recovery by the plaintiff "turns upon whether a proper inspection would have disclosed the defect." It is the duty of the master to exercise reasonable care in furnishing suitable and safe machinery and appliances to the servant for doing the work in which he is employed. It is the further duty of the master to exercise the same care in keeping the machinery and appliances in repair; and this necessarily requires of the master the duty of making reasonable inspection and examination of these appliances and machinery. "The duty of inspection is affirmative, and must be continuously fulfilled and positively performed." *Houston* v. *Brush,* 66 Vt. 331. In the case of *Baltimore & O. Rd. Co.* v. *Baugh,* 149 U. S. 368, it is said: "A master employing a servant impliedly engages with him that the place in which he is to work and the tools or machinery with which he is to work or by which he is to be surrounded shall be reasonably safe." And while the master is not required to guaranty,

the safety of the machinery and appliances, still he is required to take all reasonable precautions to secure that safety. *Union Pac. Ry. Co.* v. *Daniels,* 152 U. S. 684. And this precaution can only be taken by proper inspection. Where the servant is injured by the defective condition of the machinery or appliances with which he is required to work, and without contributory negligence on his part, the employer should be held responsible, except where it could not have been known or guarded against by reasonably proper care and vigilance on his part. It is presumed that this care and vigilance has been exercised by the company in this case; and failure to do so cannot be inferred from the occurrence of the accident. But the negligence of the company in its failure to perform its duty in this respect can be shown by the facts and circumstances in the case. It can be shown by proving that the defect that caused the injury was discoverable by the exercise of ordinary care; for, if the defect was discoverable, then the company was either negligent in failing to exercise reasonable care in making the inspection to discover it, or negligent in failing to make the repair after such discovery.

As is said in 4 Thompson on Negligence, § 3803c: "If there is any substantial evidence tending to show that the appliance which broke gave way in consequence of a visible defect, or of a defect which should have been discovered by the master in the exercise of ordinary care, then the question of his negligence will go to the jury." 1 Labatt on Master and Servant, § § 155-157.

In the case of *St. Louis & San Francisco Rd. Co.* v. *Wells,* 82 Ark. 372, a locomotive engineer was injured by the breaking of the drawbar which coupled the engine and tender together, and there was evidence that the drawbar had a crack in it an inch and a quarter deep, and had the appearance of being old. It was held that this was sufficient evidence to support a finding that there was an observable defect in the drawbar, and that the defendant was negligent in failing to discover it.

In the case of *Momence Stone Co.* v. *Groves,* 197 Ill. 88, an employee was injured by the breaking of a hook used in pulling cars. An employee who picked up the hook after the accident testified that there was a visible flaw in it, and that he

could see that the break was old and rusty. In that case it was held that this was sufficient evidence tending to prove that the hook was defective, and that the defect was discoverable, and should have been known by the defendant. See also *Ultima Thule, A. & M. Ry. Co.* v. *Calhoun*, 83 Ark. 318; *Cleveland, C. C. & St. L. Ry. Co.* v. *Ward*, 147 Ind. 256; *Texas & Pac. Ry. Co.* v. *O'Fiel*, 78 Tex. 486; 1 Labatt on Master & Servant, § 159.

In the case at bar two witnesses testified that on the morning following the occurrence they saw the two pieces of this broken lever bar, and that there was a rusty streak that showed on the surface of the bar at the place of the breaking, and that this rusty streak was one-half inch long, and that a crack was visible upon the surface of the bar; and that the crack looked rusty and old, and that it had the appearance of having been done some time before; and that when the two parts of the bar were placed together, the rusty streak or crack was visible upon the surface of the bar, and showed that the streak or crack was visible on the surface before the bar broke. At the trial of the case only one part of the bar was produced. A witness, who from his experience showed expert knowledge of the subject, testified that if the crack upon the portion then shown to him should have been visible upon the surface when the two parts were put together then it could be observed by careful inspection, and that the defective condition of the bar would have been discoverable. The character and size of the crack thus shown this witness was of the size and appearance of the crack upon the surface of the bar as testified to by the witnesses who examined the two parts of the bar upon the morning after the accident. The jury were the judges of the credibility of these witnesses. We are of the opinion that this was sufficient evidence to sustain the verdict of the jury finding that there was a visible defect in the bar, and that the defendant was negligent in failing to exercise due care in discovering it.

It is urged by the counsel for defendant that the court erred in giving the above instruction number 2 on the part of plaintiff, because in the latter clause of that instruction it "in effect tells the jury that the duty of inspection and ordinary care and prudence therein can be discharged only by an inspection

by a competent inspector;" and that this in effect was to say that "to be a competent inspector * * * * a man must have been an expert in cast-iron." We do not think that this instruction is reasonably subject to this criticism, because the fair import of the entire instruction, taken together, is only to require the exercise of reasonable care in making a proper inspection. And, to emphasize the requirement of only such an inspection as would be made by an ordinarily careful and prudent person, the court in instruction number 13 given on behalf or the defendant told the jury: "I instruct you further that by the words 'competent inspector' as used in these instructions is meant such inspectors as other prudently conducted and operated railroads use to inspect handcars on their roads."

Reasonable care in the selection of men that are fit to perform the duties of their respective positions, and not men of the highest efficiency of skill and ability, is the measure of the master's duty to his servant in this regard. But the master owes to his servant the duty of a proper and reasonable inspection of the appliances, and if he sees fit to have others perform that duty that does not change the measure of his obligation to the servant or the right of the servant to insist that reasonable precaution shall be taken to secure safety in the appliances which are furnished to him to do the work. *Carlson* v. *Phoenix Bridge Co.,* 132 N. Y. 273; *Union Pacific Ry.* v. *Daniels,* 152 U. S. 683.

Taking the instruction as a whole, and especially in connection with the instruction No. 13 on the part of defendant, we do not think that it required any more efficient or further duty in this respect of the defendant. Furthermore, this court upon the former appeal held that this instruction was correct, and therefore it is the law of this case. *St. Louis, I. M. & S. Ry. Co.* v. *York, post* p. 554.

The defendant complains that the verdict is excessive. We do not think so. The plaintiff was forcibly thrown from the handcar to the ground and run over by the car. He was injured on the head above the ear to such an extent that his hearing, though slightly defective, has become very greatly impaired. His shoulder was badly bruised, and his collar bone was broken, and he is injured to such an extent that he will never be able to do railroad work or heavy labor, for which he was best adapted. He

was confined to his bed for several weeks, and suffered great pain, and whenever he does any heavy work he suffers pain on account of this injury. Before the injury he was able to earn from $1.12½ to $1.25 per day. He was unable to do any labor for a number of months after the injury. He is 26 years old; and more than a year after the injury he testified that he was unable to do any hard labor. And without education he is dependent upon his manual labor. These damages were the necessary result of this injury, and we do not think that the amount of $1,500 recovered is excessive, or that it can be considered excessive by reason of the plaintiff's refusal to accept medical treatment furnished by defendant.

We find no prejudicial error in the trial of this case, and the judgment is therefore affirmed.