LEWIS v. JONES.

Opinion delivered January 2, 1911.

APPEAL AND ERROR—FORMER OPINION AS LAW OF CASE.—When the testimony in a case upon a second appeal is the same as upon the former appeal, the law declared upon the former appeal is the law of the case.

Appeal from Polk Circuit Court; *James S. Steel,* Judge; affirmed.

*Pole McPhetrige* and *J. I. Alley,* for appellant.

*Wright Prickett* and *Elmer J. Lundy,* for appellee.

The facts developed in evidence on the second trial are substantially the same as on the first trial. The law as declared

by this court on first appeal is the law of the case now. 89
Ark. 368; 92 Ark. 350; *Id.* 554, 558.

WOOD, J. This is the second appeal in this case. When
the case was here before, this court reversed the judgment and
remanded the cause for new trial for error of the court in giv-
ing a peremptory instruction in favor of the plaintiff. On the
second trial plaintiff again asked a peremptory instruction, which
the court refused. Appellant here, who was appellee on the
first appeal, contends that the ruling of the court in refusing the
peremptory instruction was error.

The issues and facts on the first appeal are stated in the
opinion to be found in 89 Ark 368 *(Jones* v. *Lewis).* The is-
sues are precisely the same, and the facts are substantially the
same on this appeal as they were on the first. There was not
any material change in the second trial from the testimony and
the facts established in the first trial. At least, there was no
such substantial change as to call for the application of a dif-
ferent rule of law. The facts being substantially the same, the
law declared on the former appeal by this court was the law
for the guidance of the trial court on the second trial. That
court did not err in conforming its ruling on the second trial to
the decision of this court on the former appeal. What we then
declared being the law of the case on the second trial, we could
not change it on this appeal, so as to affect the judgment herein,
even if we were now convinced that the decision on the first
appeal was erroneous. *St. Louis, I. M. & S. Ry. Co.* v. *Read,*
92 Ark. 350; *St. Louis, I. M. & S. Ry Co.* v. *York,* 92 Ark. 554,
citing numerous Arkansas cases. But we are still of the opin-
ion, after a careful consideration of the facts in the present
record, that a peremptory instruction in favor of the plaintiff
(appellant) should not have been given. It was a question for
the jury as to what was the intention of the parties to the con-
tract. See, in addition to the cases cited in former opinion, *Chil-
ton* v. *Halstead* (Mo.), 130 S. W. Rep. 60.

Affirmed.