## MARKLE v. HART.

### Opinion delivered November 27, 1916.

1. IMPROVEMENT DISTRICTS—ORGANIZATION—VOID ACT—ENFORCEMENT OF LIEN.—Act 457, Special Acts of 1911, attempting to organize a drainage district, being void *ab initio*, no indebedtness could be incurred, and no lien to protect said indebtedness could exist, and an attempted foreclosure of an alleged lien is void.
2. IMPROVEMENT DISTRICTS—VOID STATUTE.—Where the statute attempting to organize an improvement district is void *ab initio*, there can exist not even a *de facto* district.

Appeal from Craighead Chancery Court, Western District; *Chas. D. Frierson*, Chancellor; affirmed in part and reversed in part.

*Basil Baker* and *Horace Sloan*, for appellant.

1. This is a collateral attack. 72 Ark. 101; 113 Ark. 449; 89 Kans. 751; 133 S. W. 470, 67 S. E. 569; 152 N. C. 748; 25 Fla. 730; 6 So. 77; 61 Neb. 339; 165 (Mo.) S. W. 1050.

2. None of the objections that no affidavit for warning order was filed; that no warning order was indorsed on the complaint and that no attorney *ad litem* was appointed are available on collateral attack. 1 Black on Judgments (2 Ed.), § 281; 77 U. S. (10 Wall.) 308; 84 Tex. 562; 55 S. W. 411; 143 Ind. 467; 16 Wash. 491; 152 S. W. 936; 95 U. S. 714; 33 Cal. 505; 76 Ark. 465; 72 *Id.* 101, 109; 78 *Id.* 353; 82 *Id.* 334; 63 Ky. 369; 72 *Id.* 111; 105 Ark. 11; 72 Ark. 101, 107.

3. Appellees wholly failed to show want of jurisdiction, or any fraud and the decree stands unimpeached. The special act was not void. 184 S. W. 57. Nor was the Act repealing the Act creating the district void. 97 Ark. 322; 71 *Id.* 22. None of the objections are available on collateral attack. 55 Ark. 398; *Ib.*

37, 43; 91 *Id.* 95; 50 *Id.* 188; 49 *Id.* 336; 100 *Id.* 63, 69. The decree should be reversed and judgment entered here.

*Hawthorne & Hawthorne*, for appellees.

1. The special act was declared void. There was no statute upon which the action could be based. The decree is void. 122 Ark. 491; 18 Wall. 350.

2. The want of affidavit for warning order and failure to warn or appoint an attorney *ad litem* is jurisdictional. 40 Ark. 124; 47 *Id.* 131; 50 *Id.* 430; 186 S. W. 604; 97 U. S. 444; 18 Wall. 457; 173 U. S. 560.

3. There was no debt and no lien. 4 Peters, 466; 164 Fed. 963; 55 Ark. 30. The judgment was a nullity. 14 Fed. 603; 175 *Id.* 667; 82 *Id.* 241; 196 *Id.* 56; 197 *Id.* 769. The decree should be affirmed except as to payment of taxes and costs.

SMITH, J. (1) In this cause it was alleged that by Act 457 of the Special Acts of 1911, p. 1245, the General Assembly created the Cache River Drainage District; but that, at the following session of the General Assembly, this Act had been repealed by Act 119 of the Acts of 1913, p. 512. That the repealing Act made provision for ascertaining the indebtedness which had been incurred by the district, and for its payment, and that pursuant to these provisions an indebtedness had been found due Alex Berger, as treasurer of this district, and this indebtedness was declared a lien upon the lands of the district, which was prorated against the lands pursuant to the directions of the repealing Act.

The amount apportioned against appellees' lands was not paid, and there was a decree of foreclosure of this supposed lien, and at the sale thereunder appellant bought the lands here involved.

This sale was attacked by appellees upon the ground that various irregularities existed in the rendition of this decree, and the court so found, and decreed that appellees had the right of redemption and awarded

them this right, and assessed the costs of the court below against them.

Since the rendition of the decree so appealed from, this court has rendered its opinion in the case of *Morgan Engineering Co.* v. *Cache River Drainage District,* 122 Ark. 491. As will appear from an inspection of that opinion, that was a proceeding to enforce a demand against the same drainage district which undertook to enforce the lien above stated. In that case, in a discussion of the above mentioned Acts, we said:

"Counsel for appellant contends that, although all the prior proceedings were invalid, yet the General Assembly had power to pass the Act of 1913, abolishing the district and directing a levy upon the lands intended to be benefited for the preliminary expenses incurred under the alleged contract with the appellant, and that the Act levying the assessment for this purpose adopted the description of the lands as assessed, and that therefore this latter Act was not void for uncertainty. Citing *Board of Dir. Crawford Co., Levee Dist.* v. *Dunbar,* 107 Ark. 285; *Fellows* v. *McHaney,* 113 Ark. 363-371; *Thibault* v. *McHaney,* 119 Ark. 188, 177 S. W. 877. We cannot agree with this contention of counsel, for the Act of 1911, purporting to create the Cache River Drainage District, as we have seen, was void *ab initio* because of the uncertainty in the description of the boundaries of such district. In the cases cited by appellant to support its contention the Acts creating the district were valid Acts, and the districts were therefore legally brought into existence, and there was authority or incurring the preliminary expenses in forwarding and promoting the improvement contemplated. But such was not the case here.

"The Act of 1913 did not purport to and could not cure the defects of description in the Act of 1911 that rendered the so-called Cache River Drainage District void for uncertainty; and it was not within the power of the Legislature of 1913 to validate contracts made with those acting in the capacity of directors of a district that never had in fact any existence and to make

the preliminary expenses incurred under these void contracts liabilities against the land included in the proposed district. To do this would be taking property of the appellees and other land owners without due process of law and without compensation."

That case is decisive of this. Having held that there was never any district and, consequently, no indebtedness against it, we must hold the proceeding under which the sale took place to be *coram non judice.* If there was no district, and therefore no indebtedness, it must follow that there could be no lien covering an indebtedness to foreclose.

The court below directed appellees to pay appellant the taxes, penalty, interest and costs paid by him when he purchased the lands, and assessed against appellees the costs of the court below. The judgment of the court cancelling this sale will be affirmed, but the direction requiring appellees to pay the taxes and costs will be set aside, and all the costs of this suit will be assessed against appellant.

The decree will be reversed and the cause remanded with directions to enter a decree accordingly.

SMITH, J. (on rehearing). (2) We have not overlooked the case of *Whipple* v. *Tuxworth,* 81 Ark. 391, where it was held that a decree enforcing a lien on property within a *de facto* improvement district could not be shown to be void in a collateral attack because the district was not legally organized. This case is distinguishable from that. There the decree of sale was rendered in the suit of a *de facto* corporation where the requisites for the existence of such a corporation appeared. These were said to be (1) a charter or general law under which such a corporation as it purports to be might lawfully be organized; (2) an attempt to organize thereunder; (3) actual user of the corporate franchise. The first of these essentials is absent here. There was no law under which this corporation could have had an existence.

There can be no *de facto* officer unless there is a *de jure* office, and there can be no *de facto* corporation

unless there is a charter or general law under which such a corporation as this drainage district purported to be might have been lawfully organized, and we have held that the Act under which the Cache River Drainage District sought to proceed was abortive because the district was not properly described in the Act purporting to create it. There could have been no *de jure* district under this Act of the General Assembly, and there could be, therefore, no *de facto* district.

It appears, however, that appellant paid certain taxes on the lands in question since his purchase, and to secure these be is entitled to a lien on the land, and the judgment is modified to the extent of declaring a lien in appellant's favor for all taxes on the lands paid subsequent to his purchase at the commissioner's sale.