JONES *v.* LAWSON.

Opinion delivered March 22, 1920.

1. STATUTES—CONSTRUCTION.—An act of the Legislature speaks for itself, and its meaning must be ascertained from the language of the statute and the means and signs to which, as appears upon its face, it has reference.

2. CONSTITUTIONAL LAW—PROVINCE OF COURTS.—While it is the duty of courts to ascertain the meaning of and give effect to every

legislative act, it can not remedy defects in matters committed to the Legislature.

3.  STATUTES—VAGUENESS AND UNCERTAINTY.—If an act of the General Assembly is so vague and uncertain as to convey no meaning, or is so conflicting and inconsistent in its provisions that it can not be executed, it is incumbent upon the courts to declare it inoperative and void.

4.  STATUTES—CONSTRUCTION.—The courts can not adopt a conjectural interpretation of a statute to solve a doubt.

5.  STATUTES—CONSTRUCTION.—If no judicial certainty can be settled on as to the meaning of a statute from its language, the court is not at liberty to supply one.

6.  STATUTES—UNCERTAINTY.—Special Acts 1919, page 896, creating Alpena Special School District, *held* void for uncertainty in describing the boundaries.

Appeal from Boone Chancery Court; *B. F. McMahan,* Chancellor; affirmed.

### STATEMENT OF FACTS.

Appellees, who were the plaintiffs below, are directors of Common School District No. 31 in Boone County, Arkansas, and appellants, who are the defendants below, claim to be directors of a special school district created at the regular 1919 session of the General Assembly.

Appellants, claiming to act under the authority conferred upon them by Act 637 of the regular session of the 1919 General Assembly, took possession of the schoolhouse and lands of Common School District No. 31 and advertised them for sale. Appellees brought this suit in equity to enjoin them from making the sale on the ground that the act under which they were proceeding was void for uncertainty in defining the boundaries of the special school district.

The chancellor found the issues in favor of appellees, and a decree was entered enjoining appellants from selling or otherwise interfering with the possession of the schoolhouse and lands of Common School District No. 31. The case is here on appeal.

*John I. Worthington* and *Troy Pace,* for appellants.

The Legislature committed an obvious error in describing the boundaries of the district, and the act is not void. Such error can be judicially ascertained and declared. Courts take judicial notice of the location of boundary lines between counties and of towns. 15 R. C. L., §§ 19, 20; 86 Ark. 172; 68 *Id.* 289; 53 *Id.* 46; 58 Ark. 113. It is evident the Legislature intended to use a township and range other than the one used. 48 Ark. 305-308. The intention of the Legislature should be carried out by the courts, and the intention must be sought in the *whole act* taken together and other acts *in pari materia* and if plain and unambiguous the intention prevails. 1 L. R. A. (N. S.) 409-414.

*E. G. Mitchell* and *Guy Trimble,* for appellee.

1. The act describes the district fully. The original district is still incorporated under a good description. The trial court was not authorized to make over the act and this court should not reverse. 122 Ark. 498; 130 *Id.* 72; 105 *Id.* 391; 104 *Id.* 596; 117 U. S. 567. See also 130 Ark. 73.

2. The doctrine of *in pari materia* is not conclusive and should not be applied. 135 Ark. 301. The chancellor reached the proper conclusion and followed our own decisions.

HART, J. (after stating the facts). Counsel for appellants base their right to a reversal of the decree solely on the ground that the Legislature committed a clerical error in describing the boundaries of Alpena Special School District in Boone and Carroll Counties, Arkansas. See Special Acts of Arkansas, 1919, p. 896.

Section 1 creates Alpena Special School District. It provides that the following territory in Boone and Carroll Counties, Arkansas, to-wit: Beginning on the Boone County line one quarter of a mile south of the northwest corner of section 14, in township 20 north, range 23 west, running east one quarter of a mile, etc., thence north to the place of beginning, all the territory

in the above be, and the same is, hereby organized into a special school district known as the Alpena Special School District. As a matter of fact one quarter of a mile south of the northwest corner of section 14 in township 20 north, range 23 west, is not on the line between Boone and Carroll counties, but is some distance away from the boundary line between the two counties and lies wholly within Carroll County. The town of Alpena is situated in section 23, township 19 north, range 22 west, and this is on the boundary line between the two counties.

Appellants contend that the Legislature intended to organize the territory surrounding the town of Alpena which includes Common School District No. 31 into a special school district, and that, by mistake of the draftsman of the bill, lands in township 20 north, range 23 west, were inserted in the bill, instead of township 19 north, range 22 west. They rely on the case of *Harrison* v. *Abington,* 140 Ark. 115. There the court held that a special act creating a road improvement district was not void because of legislative mistake in describing a bridge at which the improvement of the road was to commence as being in section 26 of a certain township, when in fact the bridge was situated in section 28. In that act the Legislature described a road running from Pope Mill bridge, over Cypress Creek on the Lonoke County line in section 26 and running northwesterly through the town of Beebe, when in fact the bridge was in section 28. There the road was already in existence, and the bridge was a monument which could be located from the language of the act, and the court held that the accompanying description as to the section in which the bridge was located did not control because the bridge and road furnished a definite description which it was the intention of the Legislature to follow. That case does not control here. The act of the Legislature speaks for itself, and its meaning must be ascertained from the language of the statute itself.

It is true the act says that the beginning point is on the boundary line between two counties as it was in the case just referred to; but here there is no monument to mark the beginning point as was the case there. It would require a radical change in the language of the act in order to make the description of the boundaries of the school district comprise lands situated in Boone and Carroll counties. The land in the proposed district is particularly described by courses and distances and by reference to sections, townships and range according to the Government survey. While it is the duty of courts to ascertain the meaning of and give effect to every legislative act, it cannot remedy defects in matters committed to the Legislature. If an act of the General Assembly is so vague and uncertain as to convey no meaning, or if it is so conflicting and inconsistent in its provisions that it cannot be executed, it is incumbent upon the courts to declare it inoperative and void. *Morgan Engineering Co.* v. *Cache River Drainage Dist.,* 122 Ark. 491, and *Heinemann* v. *Sweatt,* 130 Ark. 70.

There is nothing in the act to indicate which of the conflicting provisions the Legislature intended to adopt. While it is probable that the contention of counsel for appellants is correct and the Legislature did mean to create a district in both counties, yet the court cannot adopt a conjectural interpretation of a statute to solve the doubt. If no judicial certainty can be settled on as to the meaning of the statute from its language, the court is not at liberty to supply one. There must be a competent and definite expression of the legislative will to accomplish that result.

It follows that the decree of the chancellor will be affirmed.