AMERICAN SURETY COMPANY *v.* KINNEAR MANUFACTURING COMPANY.

4—2579

Opinion delivered May 30, 1932.

*W. G. Dinning,* for appellant.

*Moore, Daggett & Burke,* for appellee.

SMITH, J. This is the second appeal of this case. See page 953 *ante.* Two other appeals had been previously decided which arose out of the bond here sued on. *Wharf Imp. Dist. No. 1* v. *United States Gypsum Co.,* 181 Ark. 288, 25 S. W. (2d) 425; *Perry Hanson Gin & Machine Co.* v. *American Surety Co.,* 181 Ark. 1146, 26 S. W. (2d) 1113. The first two appeals were from decisions of the chancery court, in which it was decided that the suits brought upon the bond executed by the surety

company had not been brought within six months after the completion of the work covered by the bond given by the principal contractor as required by law.

We said, in the opinion on the former appeal in this case, *ante* p. 953, that the decision of the chancery court upon very similar facts was not conclusive of those facts upon the jury trying this case, for the reason that the plaintiff here was not a party to the chancery cases, and we there stated the reasons why this was true, which need not be restated here.

We reversed the judgment on the former appeal of the instant case, for the reason that the court had refused to give an instruction numbered 6, there set out, as requested, and for this reason only. We there said that the judgment would have been affirmed had this instruction been given, as no other error appeared. The instruction was modified and given as modified, and we held that it was error to modify the instruction, and we reversed the judgment for that reason. The effect of the instruction there set out, as asked, was to make the final estimate of the architect conclusive of the performance of the contract covered by the bond unless the district had expressly repudiated the action of the architect and had given notice of such repudiation both to the architect and to the contractor, or had taken some other course provided for by the terms of the contract. The effect of the modification of the instruction was to make the architect's final certificate evidentiary only, and not conclusive, of the fact that the contract had been fully performed.

The mandate which went down to the lower court upon the reversal of this judgment contained the following recitals: "The court erred in refusing to give instruction numbered six in the form requested by the appellant and in modifying it. It is therefore considered by the court that the judgment of said circuit court in this cause rendered be, and the same is hereby, for the error aforesaid reversed, annulled and set aside with costs; and that this cause be remanded to said circuit

court for a new trial and for further proceedings to be therein had according to law, and not inconsistent with the opinion herein delivered."

This mandate conformed to the opinion of the court.

It was said, in the opinion holding that instruction numbered 6 should have been given as requested, that "it was not insisted at the trial below that the architect was guilty of actual fraud or that inattention and indifference which implied bad faith."

Upon the remand of the cause, and before its retrial, the complaint was amended to specifically allege that the architect was guilty of that inattention and indifference which implied bad faith, and this issue was submitted to the jury under instructions correctly declaring the law of that subject.

It is very earnestly insisted that this action of the court was erroneous, and, in support of that contention, we are cited to several of the numerous cases in which this court has held that, where a judgment has been reversed in this court and remanded for a new trial, the law as announced on the former appeal is the law of the case, and that a proposition of law decided on the former appeal is not open to reconsideration upon a subsequent appeal. This contention, as applied to the facts of the instant case, is so completely answered in the opinion in *Morgan Engineering Co.* v. *Cache River Drainage District,* 122 Ark. 491, 184 S. W. 57, that we quote from it as follows:

"But this doctrine can have no application here for the reason that on the former appeal the judgment was reversed because the court erred in its instructions to the jury, and the case was remanded with directions not 'to render judgment in accordance with the opinion,' but for 'further proceedings in accordance with the opinion.' There is a marked distinction between the two. 'Further proceedings' contemplated that there was to be a new trial on the issues that might be presented, and that proof might be introduced on these issues. The order was in effect a remand for a new trial in general. Of course, all

further proceedings that were to be had were to be in accord with the opinion, and, if the issues on the second trial and the testimony remained substantially the same, then the appellant would have been entitled to a judgment for the value of its services under the terms of the alleged contract under which it claimed, computed in the manner directed by this court in its opinion on the former appeal. But, as was said in *St. Louis, Iron Mountain & Southern Ry. Co.* v. *York, supra:* 'The finding of the facts upon the former appeal cannot be binding as the finding of facts in this second trial, because the testimony on the second trial might be different from or additional to that given on the first trial. But the principles of law determined and announced upon the former appeal are binding, and must stand as the law of this case; and if the testimony upon this second trial is substantially the same as on the first trial, then the former decision of this court upon all questions of law involved in this case must be followed on this appeal'."

The opinion in that case further amplified the doctrine stated by a review of other cases by this court there cited.

We stated, in the former opinion in the instant case, that the testimony sufficiently supported the jury's finding that the suit was brought within the time limited by the bond and by the statute pursuant to which it was executed (§ 6913, Crawford & Moses' Digest), and the similar testimony offered at the trial from which this appeal comes is also sufficient to support that finding.

At the trial from which this appeal comes, instruction numbered 6 was given without modification, but there was testimony to support the allegation, not made at the former trial, that the architect's final certificate was void, for the reason that it was given without authority and resulted from an inattention and indifference which implied bad faith, and the testimony in the record before us is legally sufficient to support that finding.

The contract between the improvement district and the principal contractor, to secure the performance of

which the bond was executed, not only required the architect, before issuing his final certificate, to ascertain that the work had been completed in accordance with the plans and specifications, but contained also the following provision: "Before issuance of final certificate, the contractor shall submit evidence satisfactory to the architect that all payrolls, material bills and other indebtedness connected with the work have been paid."

Certain correspondence appears in the record between the architect and the surety company, in which the architect referred to certain work which he regarded as immaterial, but not completed, and it was referred to as "one or two minor details," but which the jury has found, under instructions submitting that question, were substantial. One of these letters, written by the architect to the surety company subsequent to the issuance of the final certificate by the architect, contained this statement: "The Kaucher-Hodges Company, however, have a great many accounts outstanding, which have not been paid to this writing, and I do not see how the bond can be released until everything is finally adjusted satisfactory to the terms of the contract."

One of the outstanding accounts there referred to is the account here sued on, and, while the architect no doubt assumed that this account would be paid along with others, the undisputed testimony shows that the account here sued on has not been paid. In fairness to the architect, it may be said that he probably regarded his final estimate and certificate as being qualified by the letters written subsequent to the issuance of this certificate, in which he stated to the surety company that the bond could not be treated as discharged until certain unpaid bills due by the contractor to materialmen had been paid.

It is finally insisted that there can be no recovery in this case because there was no arbitration or demand therefor. The building contract contains provisions for supervision of work and for replacement and correction of defective work, and also that the architect's decision in matters relating to artistic effect shall be final, and

that, "Except as above, or as otherwise expressly provided, in the contract documents, all the architect's decisions are subject to arbitration." If this provision relates to any questions except those arising between the owner, the improvement district, and the contractor (which we are not required here to decide), it may be first said that no dispute had ever arisen relating to appellee's account, and there was nothing to arbitrate concerning it. Indeed, its original validity is not even now questioned.

But, as has already been said, the binding character of the architect's decision is destroyed if that decision was fraudulent or was induced by such inattention or indifferences as implied bad faith.

It was said in the case of *Boston Store* v. *Schleuter*, 88 Ark. 213, 114 S. W. 242, that, "Notwithstanding the contract makes the certificate, report, opinion, decision of the architect conclusive on the parties, the law writes into this provision that the conduct of the architect must be free from fraud. Fraud on his part destroys the effect of the provision. Therefore, if the architect fails to exercise his honest judgment, or makes such gross mistakes as necessarily imply bad faith, his decision, report, certificate and opinion are not binding on the parties to the contract. (Citing authorities.)" See also the later cases of *United States Fidelity & Guaranty Co.* v. *Board of Commissioners*, 137 Ark. 375, 209 S. W. 88, and *Hill* v. *Cone*, 176 Ark. 697, 3 S. W. (2d) 985.

The questions of fact which arose upon the issues herein stated were submitted to the jury under correct declarations of law, and the jury's verdict is conclusive of them. The judgment must therefore be affirmed, and it is so ordered.