## TRI-STATE INSURANCE COMPANY *v.*
## MARY BUSBY, BRUCE BUSBY, ETHEL LOUISE NELSON,
## AND HELEN M. LITTLEFIELD, GUARDIAN

5-6116                                    488 S.W. 2d 1

Opinion delivered December 18, 1972
[Rehearing denied January 15, 1973.]

*Wright, Lindsey & Jennings,* for appellant.

*Spears & Sloan,* for appellees.

JOHN A. FOGLEMAN, Justice. This is the second appeal in appellees' suit to recover from appellant $6,250, the amount by which a judgment in favor of appellees Busby against appellee Nelson exceeded the $10,000 automobile liability policy issued by appellant to appellee Nelson. See *Nelson* v. *Busby,* 246 Ark. 247, 437 S.W.2d 799. On the previous appeal by Tri-State Insurance Company, we reversed a judgment against it for the $6,250 excess and remanded the case for a new trial. See *Tri-State Insurance Company* v. *Busby,* 251 Ark. 568, 473 S.W. 2d 893. Upon remand, the circuit court rendered judgment against appellant. The judgment contains the following recitals:

> On this 8th day of May, 1972, this cause comes on for hearing; the plaintiffs appear in person and by their attorney, J. H. Spears; and the defendant in person and by its attorney, Ronald A. May; this

being the day this was set at pre-trial conference which was held on the 21st day of April, 1972.

The plaintiffs announced ready for trial, at which time the defendant announced it desired a trial by jury.

Appellant designated an abbreviated record consisting of our mandate on the previous appeal, the judgment of the circuit court, appellant's notice of appeal, and the designation of record. Simultaneously, appellant filed its statement of the point to be relied on as:

The trial court erred in refusing to allow defendant a new trial by jury after reversal and remand by the Supreme Court.

Under the circumstances prevailing, we find a great similarity to *Scates* v. *State,* 244 Ark. 333, 424 S.W.2d 876. There, we held that when the defendants, who waived a jury trial on January 4, 1967, did not move for a jury trial and withdrawal of their waiver until July 19, 1967, the date the case had been set for trial, the granting or denial lay within the trial court's discretion, which was not abused by a denial of such an untimely request. The trial setting had been made on the day of arraignment, when the defendants' plea of not guilty and waiver of jury trial were entered.

We have held that, upon retrial, the case stands as if there had never been a trial. *Palmer* v. *Carden,* 239 Ark. 336, 389 S.W.2d 428; *Clark* v. *Arkansas Democrat Company,* 242 Ark. 133, 413 S.W.2d 629, supplemental opinion, 242 Ark. 497, 413 S.W.2d 633; *Hartford Fire Ins. Company* v. *Enoch,* 79 Ark. 475, 96 S.W. 393; *Heard* v. *Ewan,* 73 Ark. 513, 85 S.W. 240. We have even held that new issues may be introduced. See *American Surety Company* v. *Kinnear Manufacturing Company,* 185 Ark. 959, 50 S.W.2d 586; *Morgan Engineering Company* v. *Cache River Drainage District,* 122 Ark. 491, 184 S.W. 57.

We have never passed upon the particular question now posed, but a very convincing argument has been made by appellant that a waiver of jury trial, in the absence of a statute or rule of procedure providing otherwise, does not bind an appellant after a reversal and remand for a new trial. This argument is supported by an impressive array of authorities. But we find it unnecessary to make any pronouncement on this precise point in this case. Granting, for the purposes of this appeal, that appellant's waiver of jury trial could be withdrawn after its successful appeal on which a new trial was ordered, we recognized in *Scates* that the trial court has a latitude of discretion in permitting a withdrawal of a waiver of trial by jury and in honoring a demand for jury trial, when a timely request has not been made. Other jurisdictions have recognized that a trial court had a discretion in the matter, even on retrial. A typical case, and one strikingly similar to the case at bar, is *Thompson* v. *Blagg*, 294 P.2d 577 (Okla. 1955). It was held that there was no abuse of discretion in the denial of a jury trial upon retrial when there had been a waiver prior to the first trial, but no demand for jury trial had been made when the retrial date was set or at any time until the day preceding the new trial, some 17 days after the setting of the date for retrial.

The first indication of appellants desire for a jury trial, disclosed by the record, appears in the judgment from which this appeal is taken. The date of the judgment is the very date which had been set for the trial at a pretrial hearing conducted something over two weeks earlier. It has been well said that the purpose of the pretrial conference is to procure the just, speedy and inexpensive determination of every action, and that among the advantages of the procedure is the elimination of juror time waste, partially because of the court's improved ability to set its docket upon the basis of reasonable anticipation of probable length of trial and partially by elimination of developments on the eve of trial, which the court had no reason to anticipate. Cockrill, Act 301, Pre-trial Procedure, 3 Ark. L. Rev. 351 (1949).

Since appellant did not make its desire for a jury

trial known until the date of trial, although it knew at the pretrial conference that the case would be tried on the date then set, we cannot say that the trial court abused its discretion in denying a jury trial in this case.

The judgment is affirmed.