United States Casualty Company v. Johnston Drilling
Company.

Opinion delivered November 12, 1923.

1.  INSURANCE—LIABILITY INDEMNITY—CONSTRUCTION OF POLICY.—A
    proviso in an employer's liability insurance policy that the
    insured shall not "voluntarily assume" any liability before or
    after an accident to an employee did not relieve the insurer from
    liability for medical treatment and other expenses ordinarily
    incurred and paid by the insured on account of a person injured
    in his employ, for which he was liable.

2.  INSURANCE—LIABILITY FOR MEDICAL ATTENTION.—A proviso. in an
    employer's liability insurance policy that the insurer should not
    be liable for such "immediate surgical relief as is imperative"
    contemplates relief that must be given immediately following an
    accident to prevent death or suffering, and does not relieve
    insurer from liability for surgical and medical attention incurred
    in the ordinary course of treatment of an injured employee.

3.  INSURANCE—CONSTRUCTION OF POLICY.—Where there is a reason-
    able doubt as to the interpretation of a provision in an insurance
    policy, it will be resolved against the insurer because of having
    written the contract.

Appeal from Jefferson Circuit Court; John W.
Wade, on exchange, Judge; affirmed.

Sam M. Levine and Coy M. Nixon, for appellant.

The court erred in not directing a verdict for the
plaintiff. An agency cannot be presumed, but must be
established by proof, and one dealing with an agent is
bound to ascertain the extent of his authority. 234 S. W.
631; 55 Ark. 627; 92 Ark. 315; 94 Ark. 301; 132 Ark. 155;
140 Ark. 306.

Powell, Smead & Knox, for appellee.

Failure of the plaintiff to urge other assignments of
error will be deemed a waiver here. 103 Ark. 391; 91
Ark. 427; 99 Ark. 490. The plaintiff was liable for med-
ical expenses incurred on account of Barker, independ-
ent of agreement by its agent. 37 Ark. 519; 48 Ark. 397.
The terms of an insurance policy must be construed
most strongly against the company. 54 Ark. 376; 94
Ark. 417; 113 Ark. 174; 103 Ark. 1. Where one deals

with an admitted agent he has a right, without notice to the contrary, to treat him as a general agent.   90 Ark. 301; 142 Ark. 565; 55 Ark. 625; 142 Ark. 565; 48 Ark. 145.   A principal is bound by the acts of his agent which are within the apparent scope of his authority.   103 Ark. 79; 93 Ark. 521; 96 Ark. 456; 144 Ark. 345.

WOOD, J. The appellant instituted this action against the appellee to recover the sum of $1,312.83. It alleged that this was a balance due on the premium for a policy of employer's liability insurance issued by the appellant to the appellee. The appellee, in its answer, admitted the issuance of the policy and its acceptance by the appellee, but denied that it was indebted to the appellant in the specific sum claimed. It alleged, by way of set-off or counterclaim, that the policy of insurance set up in appellant's complaint was issued to the appellee to indemnify and protect it against loss on account of personal injuries that might be suffered by its servants and employees; that, while the policy was in force, one Barker, an employee of the appellee, in the performance of his duties sustained an injury resulting in the loss of his eye; that it was necessary to provide him with hospital accommodations and nurse's attention and to furnish him with necessary funds to meet incidental expenses while he was out of employment as a result of his injury; that appellee furnished to Barker for such purposes the sum of $829.09, all of which, except $50, was furnished for medical attention, nurse's attention and hospital fee. It alleged that on whatever amount might be found due the appellant, if any, should be credited the sum of $829.09, and prayed that it have judgment against appellant for that sum.

The appellant replied to the counterclaim, and denied all of its allegations.

At the trial the policy of insurance issued by appellant to the appellee was identified and introduced in evidence. It developed that there was no issue as to the amount of premium due by the appellee to the appellant

on the policy. It was also undisputed that Barker, an employee of the appellee, had been injured during his employment by the loss of an eye, and that appellee had expended the sum of $739.85 for medicine and medical treatment furnished Barker, so the only issue presented was whether or not the appellant was liable under its policy to the appellee for the sum thus expended.

The policy indemnified the appellee "against loss arising or resulting from claims upon the assured for damages on account of bodily injuries accidentally suffered or alleged to have been suffered, while this policy is in force, by any employee or employees of the assured   *   *   *   by reason of the operation of the work of the assured." The policy contained, among other conditions, the following: "Condition C. The assured; whenever requested by the company, shall aid in securing information and evidence, and the attendance of witnesses, and in effecting settlements, and in prosecuting appeals, but the assured shall not voluntarily assume any liability, either before or after an accident, nor shall he (without the written consent of the company previously given) incur any expense or settle any claim, except at his own cost, nor interfere in any negotiations for settlement or in any legal proceedings conducted by the company on account of any claim; except that the assured may provide, at the time of the accident (and at the cost of the company), such immediate surgical relief as is imperative."

Indorsed on the policy as a "rider" thereto and expressly made a part thereof was the following: "In consideration of the reduced premium charged for this policy, it is hereby understood and agreed that this policy shall not cover the cost of immediate surgical relief referred to in condition C, anything in the policy to the contrary notwithstanding.

"Nothing herein contained shall be held to vary, waive, alter or extend any of the terms, conditions,

agreements or declarations of the policy, to which this indorsement is attached, other than as herein stated.

"This indorsement becomes effective on the 18th day of April, 1921, twelve and one minute o'clock a. m., standard time, and terminates with the termination of the policy to which it is attached."

Barker was injured in the fall of 1921. The appellant prayed the court to instruct the jury to find in its favor in the sum alleged in its complaint. The court refused its prayer, to which ruling it duly excepted. The jury returned a verdict in favor of the appellant in the sum of $572.98, being the difference between the amount claimed by the appellant and the sum of $739.85 claimed by the appellee as a set-off. Judgment was rendered for the appellant against the appellee in the sum of $572.98, from which is this appeal.

1. The appellant contends that the court erred in not directing the jury to find in its favor for the full amount of its claim. It is conceded by the appellant that the appellee was liable in damages for the personal injury to Barker while in its employ, and that the appellant was liable to the appellee under its policy for the damages growing out of the injury, but appellant contends that the expenses incurred by the appellee on behalf of Barker, such as it set up in its counterclaim, do not come within the terms of the policy, but, on the contrary, are expressly excluded therefrom, by the following provision indorsed on the policy, to-wit: "In consideration of the reduced premium charged for this policy, it is hereby understood and agreed that this policy shall not cover the cost of immediate surgical relief referred to in condition C, anything in the policy to the contrary notwithstanding."

The effect of the above indorsement was to eliminate that provision of the policy which specified that appellant was liable for "such immediate surgical relief as is imperative." But the provision of this rider indorsed on the policy did not have the effect of relieving the

appellant of all liability to the appellee for such damages as the appellee had incurred by reason and growing out of the personal injury to Barker, which appellee did not voluntarily assume. Considering the rider provision in connection with ''condition C'' of the policy, it will be observed that the appellant was not liable for any expense incurred by the appellee for such immediate surgical relief as was imperative, nor was the appellant liable to the appellee for any damages growing out of the injury to Barker which the appellee voluntarily assumed. Therefore the issue, in its final analysis, is whether the amount claimed by the appellee as the set-off against the claim of the appellant was incurred for ''immediate surgical relief,'' and also whether the amount claimed by appellee was a liability which it voluntarily assumed.

Now, the words, ''such immediate surgical relief as is imperative,'' as used in the contract of insurance, obviously contemplates emergency or ''first-hand'' relief. In other words, such relief as must be given instantly or immediately following the accident to prevent impending death or to assuage or prevent suffering. These words have no reference to such surgical and medical treatment and hospital charges and compensation for nurses and such other expenses as are incident to and necessarily incurred in the usual and ordinary treatment of the victim of the accident some time after the accident occurred, and which are continued in order to restore him, if possible, to his normal condition, and, by so doing, to lessen the damages for which the person causing the injury would be liable.

The contention of appellant, as we understand it, is not that the claim of the appellee is for such immediate surgical relief as was imperative, and therefore that appellant was not liable under the rider provision of the policy; but its contention is that it is not liable because of such provision for such surgical and medical attention, hospital and nurse expenses as were incident to and necessarily incurred in the ordinary course of the treatment of the employee's injury. This contention of the

appellant cannot be sustained, because for such expenses the appellee was liable to Barker as damages which were the direct and proximate result of the injury caused by the appellee. Such expenses do not represent a liability voluntarily assumed by the appellee, but they are damages under the law which the appellee was bound to pay. *St. L. I. M. & So. Ry. Co.* v. *Cantrell,* 37 Ark. 519; *St. L. I. M. & So. Ry. Co.* v. *Stell,* 87 Ark. 308; *St. L. I. M. & So. Ry. Co.* v. *Hydrick,* 109 Ark. 231; see also 5 Elliott on Railroads, p. 917, § 2863.

Such we believe to be the plain and unambiguous meaning of the word "voluntarily" in condition C of the contract, and it occurs to us also that the words, "immediate surgical relief as is imperative," cannot be construed to include expenses of the character set up in appellee's counterclaim, and therefore the elimination of such words by the rider clause of the policy did not relieve appellant of liability for such expenses. Even if there were a reasonable doubt about such interpretation being correct, still it would be our duty to resolve such doubt in favor of the appellee as against the appellant, because the latter wrote the contract. *American Bonding Co.* v. *Morrow,* 80 Ark. 49-54, and cases there cited; *Sun Insurance Co.* v. *Jones,* 54 Ark. 376-383; *Hope Spoke Co.* v. *Maryland Casualty Co.,* 102 Ark. 1-8; *Industrial Mutual Indemnity Co.* v. *Hawkins,* 94 Ark. 417-19; *Maloney* v. *Maryland Casualty Co.,* 113 Ark. 174-181.

2. The above conclusion makes it unnecessary to set out the pleadings, the testimony, and the instructions on the issue as to whether or not appellant was liable to appellee for the amount claimed in its cross-complaint on an alleged contract between appellee and the agents of the appellant for the settlement of such claim. It follows from what we have said that the appellant, under its contract of insurance with the appellee, is liable to the latter for the amount in controversy. The court therefore did not err in overruling appellant's prayer for a directed verdict. The judgment is correct, and it is affirmed.