Southern Farm Bureau Casualty Ins. Co. *v.* Parker.

5-2230                                     341 S. W. 2d 36

Opinion delivered December 5, 1960.

[Rehearing denied January 9, 1961.]

*Hardin, Barton & Hardin, Charles R. Garner,* for appellant.

*Jeff Duty,* for appellee.

ED. F. MCFADDIN, Associate Justice. In this case, the insured sued his insurance carrier to recover damages for failure of the insurance carrier to settle a lawsuit against the insured which could have been settled within the limits of the insurance coverage. The insured recovered judgment in the Trial Court, and the insurance carrier brings this appeal.

C. H. Parker, appellee, carried motor vehicle liability insurance with the appellant, Southern Farm Bureau Casualty Insurance Company (hereinafter called "Insurance Company"); and the limit of the coverage was $5,000.00 for injury to one person. In October, 1955, Parker, while driving his insured vehicle, was involved in a traffic mishap with a vehicle owned and driven by D. E. Rush; and Rush's 19-year-old son, Roy D. Rush, was injured in the mishap. Very little damage was done to either of the vehicles; but Roy D. Rush sued Parker for $25,000.00 for personal injuries. The Insurance Company defended—as it was required to do—the case of *Rush* v. *Parker*; and trial resulted in a verdict and judgment against Parker for $12,500.00. Parker then retained personal counsel, who settled the Rush judgment for $6,500.00, with Parker paying $1,500.00 and the insurance company paying $5,000.00 as the limit of its coverage. Parker then brought the present damage action against the Insurance Company to recover the $1,500.00 he had paid to settle the Rush judgment. The complaint in the present case contained the following allegations:

"That the said Roy D. Rush, through his attorneys, made an offer of compromise to the defendant company prior to the trial of said cause. That said offer was in the amount of $4,000.00. That this plaintiff begged and insisted that said compromise settlement be made and entered into. That the defendant company ignored said offer and refused to make such settlement. . . .

"Plaintiff states and alleges that good faith demanded that the defendant company settle said case for the offered amount of $4,000.00. . . .

"Plaintiff alleges that the acts of the defendant company in this case amounted to bad faith and negligence and that this plaintiff was forced to, and did, pay the sum of $1,500.00 on account of said negligence and bad faith of the defendant company."

As aforesaid, trial in the present case resulted in a verdict and judgment in favor of Parker for $1,500.00; and on this appeal the Insurance Company urges two points:

"1. The verdict and judgment are not supported by the evidence and are contrary to appellee's theory of the lawsuit.

"II. The Court erred in refusing to give defendant's requested instructions."

I. *The Evidence.* The testimony is in sharp dispute on several issues, particularly as to what Parker insisted the Insurance Company should do in regard to settling the Rush lawsuit in advance of trial. "On appeal from a judgment based on a jury's verdict, the evidence must be given the strongest probative force in favor of the successful party that it will reasonably bear." *Albert v. Morris,* 208 Ark. 808, 187 S. W. 2d 909. This means that we state the evidence favorable to the contentions of Appellee Parker bearing on the matter of failure of the insurance company to settle. The facts showed: (a) that Parker lived in Benton County and Roy D. Rush and his father lived in Washington County; (b) that Roy D. Rush filed the damage suit against Parker in the Circuit Court of Washington County; (c) that Parker immediately contacted the Insurance Company and gave full cooperation to the Insurance Company; (d) that Parker at all times stated that he gave no manual or directional light signal before undertaking a left turn; (e) that while Parker was making, or had undertaken to make, a left turn, the Rush vehicle had the collision with the Parker vehicle; (f) that Roy D. Rush was a polio victim and it was realized that his appearance would arouse jury sympathy for him;

(g) that the Insurance Company knew that one physician stated that Roy D. Rush sustained permanent injuries in the traffic mishap; (h) that the local attorney[1] for the Insurance Company in Benton County, after investigation and on his own authority, offered Roy D. Rush $3,000.00 to settle the lawsuit; (i) that Rush's attorney refused the $3,000.00 offer but agreed that the case could be settled for $4,000.00;[2] (j) that Parker ". . . begged and insisted . . ." that the Insurance Company settle the case in advance of a trial; (k) that Parker was advised by the Insurance Company that Parker had no control of the litigation; (l) that the local attorney for the Insurance Company duly notified the State Office of the $4,000.00 offer; (m) that the Insurance Company did not reply to the local attorney; and (n) that even after the $4,000.00 offer was communicated, the State Claims Manager[3]

[1] The local attorney for the Insurance Company in Benton County is a reputable high-class attorney, and nothing herein reflects on his ability or integrity.

[2] The $4,000.00 offer was contained in a letter from Rush's attorney to the local attorney for the Insurance Company, dated April 18, 1956, and the letter reads as follows:

"The above case has been set for trial in Circuit Court here on Monday, May 21, 1956. We understand that the Clerk will notify you to this effect but we thought that we should inform you so that there will be no misunderstanding as to the date it has been set for trial. We are anxious to try this case as soon as possible.

"If your client is still interested in settling this case, I believe that our client would be willing to accept $4,000.00 in settlement thereof, if settlement is effected before we go to further expense and trouble in preparation of the case for trial. The offer you made of $3,000.00 was not enough. While I do not think that the amount herein suggested would be adequate compensation for the injuries sustained by this young man, in order to get the matter settled soon without the necessity of a trial, I believe it could be settled for $4,000.00. Otherwise, it is our plan to be ready to try this case on May 21, 1956."

[3] Here is the testimony of the State Claims Manager of the Insurance Company:

"Q. Did you put as your top valuation in the case the sum of three thousand dollars for the purpose of settling?

A. It would certainly be complete tops as far as I was concerned . . .

Q. Yes, sir. Now, I believe you've also testified that under no circumstances would you have agreed or did agree to anything over three thousand?

A. I believe what I said, I felt in my opinion that was the top settlement.

Q. That was the top settlement you would permit Mr. Little or any-

of the Insurance Company considered $3,000.00 as the greatest offer to make, even though he had all the reports heretofore mentioned. As aforesaid, the facts were not undisputed, but we have detailed enough to make applicable the hereinafter stated rules of law.

II. *The Law.* Among other instructions, the Court gave the jury the following:

## I.

"Before the plaintiff can recover, it is necessary that the plaintiff show by a preponderance of the evidence each of the following four elements:

"1. That the claim of Roy D. Rush against the plaintiff growing out of the automobile collision on October 8, 1955 could have been settled within the $5,000.00 limit of the policy.

"2. That the plaintiff made due demand upon the defendant to settle said claim within the limits of the policy prior to the trial of the case on May 29, 1956 and the defendant refused or failed to settle.

"3. That the plaintiff, as a result of the trial on May 29, 1956, was forced to pay to Roy D. Rush the sum of $1,500.00 over and above the $5,000.00 limit of the policy which was paid by the defendant.

"4. That the action on the part of the defendant in refusing to settle the claim of Roy D. Rush within the limits of the policy when requested to do so by the plaintiff was negligence."

## II.

"You are instructed that due care, or negligence, as used in these instructions, means the doing of something in conduct of one's business affairs that an ordinary prudent person would not do under the same or similar circumstances, or the failure to do something

body else to agree to settle on; is that right?
    A. That's correct."

in the conduct of one's business affairs that a person of ordinary prudence would do under the same or similar circumstances.''

Specifically, the appellant insists that the Court instructed on the wrong rule—*i. e.*, negligence—instead of the ''bad faith'' rule. This contention makes it necessary that we consider holdings in other jurisdictions, because we have no case in Arkansas that commits us exclusively to either the ''negligence'' rule or the ''bad faith'' rule. In *American Mut. Liability Ins. Co.* v. *Cooper*, 61 F. 2d 446, Judge Bryan of the Fifth Circuit, made this clear statement:

''It is well settled in cases of limited liability insurance that the insurer may so conduct itself as to be liable for the entire judgment recovered against the insured, although that judgment exceeds the amount of liability named in the policy. But the courts that have considered the question are not in agreement as to the nature and kind of proof which it is incumbent upon the insured to make in an action against the insurer for the excess which the insured has been compelled to pay over the amount named in the policy. Some of these cases hold that the insured is entitled to recover upon proof that the insurer in refusing to settle a claim for damages covered by the policy was guilty of *negligence*. (Cases cited.) Other decisions impose a heavier burden upon the insured, and deny recovery unless he can show that the insurer in refusing to make settlement acted in *bad faith*. (Cases cited.)'' (Emphasis supplied.)

Some courts allow recovery on the rule of *''bad faith''*, while other courts allow recovery on the less stringent rule of *negligence*. We see no occasion to align Arkansas exclusively with either of these, because we take the same view as did the Supreme Court of Alabama in *Waters* v. *American Cas. Co.*, 261 Ala. 252, 73 So. 2d 524:

"This question, presented here, has not been previously decided by this Court. We are aware that in cases of this nature courts generally hold that there may be liability on the part of the insurer for the excess of the judgment above the policy limits, but there is a division among them as to whether the liability of the insurer is based on (1) the rule of bad faith or (2) the rule of negligence. 131 A. L. R. 1500; 71 A. L. R. 1485; 43 A. L. R. 329; 37 A. L. R. 1484; 34 A. L. R. 750; 45 C. J. S., Insurance, § 936, p. 1069; 8 Appleman Insurance Law and Practice, Sections 4712 and 4713. We hold that there may be liability under both rules and properly drawn counts based either on negligence or bad faith should be held good, and separate counts, one charging negligence and one charging bad faith may be joined in the same complaint."[4]

In the case at bar the complaint, as previously copied, contained allegations both as to bad faith and as to negligence; but when the plaintiff asked his instructions he limited them to the rule of negligence. We see no error in so doing.[5] The Insurance Company owed Parker, as its insured, the duty to act in good

---

[4] The Supreme Court of Alabama has reaffirmed this holding of liability of the insurance carrier on either negligence or bad faith. See *Ala. Farm Bureau Ins. Co.* v. *Dalrymple*, 270 Ala. 119, 166 So. 2d 924.

[5] In 40 A.L.R. 2d 168 there is a splendid annotation entitled: "Duty of liability insurer to settle or compromise." Cases from many jurisdictions are cited. We have examined them all; but we list the following as those worthy of study, in addition to the cases cited in this opinion: *Noshey* v. *American Auto. Ins. Co.* (6th Cir.), 68 F. 2d 808; *Maryland Cas. Co.* v. *Cook-O'Brien Const. Co.* (8th Cir.) 69 F. 2d 462; *Ballard* v. *Citizens Cas. Co.* (7th Cir.), 196 F. 2d 96; *Auto Mutual Indemnity Co.* v. *Shaw* (Fla.), 184 So. 852; *Stowers Furn. Co.* v. *American Indemnity Co.* (Tex.), 15 S. W. 2d 544; *Wilson* v. *Aetna Cas. & Surety Co.* (Maine), 76 A. 2d 111; *Dumas* v. *Hartford Accident & Indemnity Co.* (N.H.), 56 A. 2d 57; *Henke* v. *Iowa Mut. Cas. Ins. Co.* (Iowa), 97 N. W. 2d 168; *Abrams* v. *Factory Mutual Liability Ins. Co.* (Mass.), 10 N. E. 2d 82; *Best Bldg. Co.* v. *Employers Liability Assurance Corp.* (N.Y.), 160 N.E. 911; *Hoyt* v. *Factory Mut. Lia. Ins. Co.* (Conn.), 179 A. 842; *National Mut. Cas. Co.* v. *Britt* (Okla.), 200 P. 2d 407; *Burnham* v. *Commercial Cas. Ins. Co.* (Wash.), 117 P. 2d 644; and *Johnson* v. *Hardware Mut. Cas. Co.* (Vt.), 187 A. 788. There are also notes involving matters allied with the question here at issue and found in 7 Ark. Law Review, p. 142; 10 Ark. Law Review, p. 138; and 11 Ark. Law Rev. p. 26. See also Am. Jur. 29A, p. 556, § 1444 *et seq.*; 45 C.J.S. 1069, "Insurance" §. 936; and Appleman on Insurance, Vol. 8, § 4712 *et seq.*

848

faith, *and also* the duty to act without negligence. Appellant complains bitterly of the failure of the Court to give its instructions on the "bad faith" theory; and says that in *Home Indemnity Ins. Co.* v. *Snowden*, 223 Ark. 64, 264 S. W. 2d 642, we approved instructions that contained the idea of bad faith. We are here considering a factual situation entirely different from that in *Insurance Co.* v. *Snowden*. There, the insurance company refused to admit any unconditional liability; and the insured settled with the injured parties in advance of any trial and sued the insurance company for the amount of the settlement. Here, the Insurance Company all the time admitted to its insured full liability to the extent of the coverage, but failed to effect settlement within such limits. Even though we approved instructions on the bad faith rule in the Snowden case, it still does not preclude us from allowing a recovery on either theory, just as did the Supreme Court of Alabama. It may be negligence to refuse to settle, even though the negligent person may be acting in good faith. One may in good faith make an honest mistake which hurts another, and still be liable for negligence in making the mistake even though no harm was intended.

In *American Fidelity & Cas. Co.* v. *Nichols*, 173 F. 2d 830, Judge Orie Phillips of the Tenth Circuit, used this language:

"When a liability insurance company by the terms of its policy obtains from the insured a power, irrevocable during the continuance of its liability under the policy, to determine whether an offer of compromise of a claim shall be accepted or rejected, it creates a fiduciary relationship between it and the insured with the resulting duties that grow out of such a relationship. Under policies like those here involved, the insurer and the insured owe to each other the duty to exercise the utmost good faith. While the insurance company, in determining whether to accept or reject an offer of compromise, may properly give consideration to its own

interests, it must, in good faith, give at least equal consideration to the interests of the insured and if it fails so to do it acts in bad faith."

See also *Johnson* v. *Hardware Mutual Cas. Co.*, 108 Vt. 269, 187 A. 788.

In the case at bar the policy which the Insurance Company issued to Parker provided that the Insurance Company would defend any suit—". . . but the company shall have the right to make such investigation, negotiation, and settlement of any claim or suit as may be deemed expedient by the company. . . ." By this language the Insurance Company became a fiduciary to act, not only for its own interest, but also for the best interest of Parker. The Supreme Court of South Carolina, in *Tyger River Pine Co.* v. *Maryland Casualty Co.*, 170 S. C. 286, 170 S. E. 346, used this language:

"The charge that it was the duty of appellant to compromise the claim if that was the reasonable thing to do is supported by authority.

"In the annotation of the case of *U. S. Casualty Co.* v. *Johnston Drilling Co.*, (161 Ark. 158, 255 S. W. 890), 34 A. L. R. 727, it was said: 'It has been held that an insurer against liability for accidents which assumes the duty of defending a claim owes the assured the duty of settling the claim if that is the reasonable thing to do.' Citing: *Cavanaugh Bros.* v. *General Accident F. & L. Assur. Corp.*, 79 N. H. 186, 106 A. 604."

After a thorough review of the record we reach the conclusion that no error occurred in the trial prejudicial to the appellant.

Affirmed.