**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Albert JACKSON and Howard Davis, Appellees.**

**No. 17779.**

United States Court of Appeals
Eighth Circuit.

June 10, 1965.

---

John Thomason of Nelson, Norvell, Wilson & Thomason, Memphis, Tenn., made argument for appellant and filed brief with Max Shelton, Nelson, Norvell, Wilson and Thomason, Memphis, Tenn.

G. D. Walker of Frierson, Walker & Snellgrove, Jonesboro, Ark., made argument for appellees and filed brief with Kaneaster Hodges, Newport, Ark., Robert Branch, Paragould, Ark. and Marcus Fietz, Jonesboro, Ark.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

After jury verdict, judgment was entered in favor of appellees and against appellant for Fifteen Thousand Dollars ($15,000.00), with interest from March 12, 1963, which represents the amounts necessary to discharge in full the balance due on a judgment for Twenty-Five Thousand Dollars ($25,000.00), entered against appellees in the Greene County, Arkansas, Circuit Court, in favor of Clarence and Barbara Price (Prices) in an action for personal injuries arising out of an automobile collision.[1]

Under the form of judgment as entered, appellant (State Farm) is required to "exonerate" appellees from the judgment entered in favor of the Prices and "is obligated to discharge the said judgment in full." Ergo, the judgment here appealed from is one for excess coverage allowable under the law of the State of Arkansas for "negligence or bad faith" refusal of a liability insurance carrier to effect settlement of a personal injury claim which it could have compromised and settled, within the limits of coverage afforded by the policy of insurance here considered.

Prior to trial in the District Court, it was stipulated, among other things, that both appellees were insureds under the policy of insurance in suit; that by "the terms (thereof) State Farm obtained from the insured a power, irrevocable during the continuance of its liability under the policy, to determine whether an offer of compromise of a claim should be accepted or rejected"; * * * that "State Farm, in compliance with its liability insurance policy, assumed the defense of the litigation instituted by The Prices"; and, before trial thereof, "the Prices offered to compromise and settle all of their personal injuries and prop-

erty damages (made against appellees) for $9,500, which offer was refused by State Farm" notwithstanding its "representatives viewed the (Price) case as one of liability on the part of Davis and Jackson. It (being) understood, however, that in evaluating the claims of the Prices, the claimed injuries were sharply disputed." (Pars. added.)

Appellant's assignments of error, though multifariously stated, relate to sufficiency of the evidence to sustain the jury's verdict; necessity of a demand to settle from appellees; rejection of advice of company counsel as to authority to compromise; affirmative duty of an insurer to exhaust all reasonable possibilities of compromise; and exclusion of a graphic chart as evidence.

Since appellant attacks the sufficiency of the evidence to support the verdict below, and asserts that its motion for a directed verdict should have been granted, it is necessary for us to consider the facts in some detail. As the judgment here reviewed was rendered upon a jury verdict, we, of course, accept as true all facts which the evidence reasonably tended to prove, as well as all inferences which may reasonably be drawn therefrom in favor of appellees. Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492 (1934); Railway Express Agency v. Mackay, 181 F.2d 257 (8 Cir. 1950); Carter Carburetor Corp. v. Riley, 186 F.2d 148 (8 Cir. 1951); Southern Farm Bureau Casualty Insurance Co. v. Mitchell, 312 F.2d 485 (8 Cir., 1953); Baker v. Chicago, Burlington and Quincy Railroad Co., 220 F.2d 721 (8 Cir., 1955). To hold that appellant's motion for a directed verdict should have been granted in the case at bar, we would be required to rule that no reasonable conclusion favorable to appellee could have been reached under the evidence adduced; and, that all reasonable men would agree with the position

---

1. There were other claims asserted and adjudicated in the Court below at the time the claim here appealed from was entered. No appeal from such other judgments is presently before us. Hence we pretermit any reference to the facts and issues related to such other claims in this opinion because not material to the issues now before us.

appellant here takes. Brady v. Southern Ry. Co., 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239 (1943); Clay County Cotton Co. v. Home Life Ins. Co., 113 F.2d 856 (8 Cir., 1940); Mattson v. Central Electric & Gas Co., 174 F.2d 215 (8 Cir., 1949).

As above noted, during the pendency of the Price suit in the state court, their counsel offered to settle all liability and damages claimed by the Prices for $9,500.00, and later for $9,000.00, both sums being within the policy limits of insurance here considered. State Farm refused to offer more than $6,000.00. As no settlement was effected, the case proceeded to trial, resulting in a verdict of $25,000.00 against Jackson and Davis. State Farm paid its policy limits into the registry of the state court, and the instant suit is for the resulting excess amount of the above verdict. Further facts will be elucidated in the course of this opinion.

■■ There is no longer any doubt in most jurisdictions, including Arkansas (see cases collected in Anno., 40 A.L.R.2d 168) that a liability insurer can render itself liable for the amount of a judgment against its insured in excess of policy limits because of its bad faith or negligent failure to compromise within policy limits. This does not, of course, mean that the insurer is required to settle rather than litigate if it, in good faith, believes a litigable issue is present. cf. Farm Bureau Mut. Automobile Ins. Co. v. Violano, 123 F.2d 692 (2 Cir., 1941). As both parties here correctly note, by virtue of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.2d 1188 (1938), the law to be ap-plied in this diversity of citizenship case is that of the State of Arkansas, and the law concerning excess judgment suits in Arkansas has been clearly defined in recent cases.[2]

■ Therefore, the first matter here to be noted in the light of Arkansas law is: * * * recovery from an insurer is allowed both for "negligence" and "bad faith," contrary to the law of some other jurisdictions which require one such premise to the exclusion of the other. The instructions as given by the Court below submitted the case at bar on both grounds, which was clearly correct. Southern Farm Bureau Casualty Insurance Co. v. Parker, 232 Ark. 841, 341 S.W.2d 36 (Ark., 1961). The Arkansas cases and the Mitchell case in this Court, *ante*, considering Arkansas law, give general guidance as to the elements which may be considered by a jury in arriving at a finding of bad faith or negligence under facts as here appearing. See also, Anno., 40 A.L.R.2d 168. Hence the instructions as given to the jury below were correct.[3] As a consequence, the only substantial question here presented is whether or not under all of the evidence and the inferences reasonably deducible therefrom the same were sufficient to sustain the issues submitted to the jury, and not whether the absence of some specific element in the instructions is fatal to the judgment as a whole. Carter Carburetor Corp. v. Riley, supra.

Turning to the facts adduced we find, first, there was little or no dispute as to the liability of appellant's insureds. Appellant's trial counsel, prior to trial in the state court, recommended to appellant that liability be stipulated and the trial

2. Home Indemnity Co. v. Snowden, 223 Ark. 64, 264 S.W.2d 642 (1954); Southern Farm Bur. Cas. Ins. Co. v. Parker, 232 Ark. 841, 341 S.W.2d 36 (1961); Southern Farm Bur. Cas. Ins. Co. v. Hardin, 233 Ark. 1011, 351 S.W.2d 153 (1961); Southern Farm Bur. Cas. Ins. Co. v. Mitchell, 312 F.2d 485 (8 Cir., 1963).

3. "Negligence is the failure to do something which a person of ordinary care

and prudence would do under the same or similar circumstances, or the doing of something which a person of ordinary care and prudence would not do under the same or similar circumstances * * *.

"Bad faith * * * means intentional disregard of the financial interest of (appellees), in the hope by the insurer * * * of escaping its full responsibility under the terms of the policy * * *."

be limited to a consideration of the issue of damages, which recommendation was not accepted by appellant. Therefore, appellant must have known from its investigation that if it persisted to try liability in this case certain facts would come out tending inevitably to create prejudice against the insureds; * * * specifically, the fact that prior to the collision in question, appellees, its insureds, had been drinking and were "probably drunk" at the time of such collision (a phrase used by appellant's local claims adjuster, in pre-trial memorandum submitted to his state claims supervisor); and, that subsequent to the accident they left the scene without stopping. Appellant was also aware that the Prices, at the trial of the damage suit, were prepared to present as a medical witness a reputable orthopedic surgeon who would testify to substantial disability of Mrs. Price; while appellant would only be able to present controverting medical testimony by way of deposition. Further, appellant was notified prior to trial of the Price case, by its adjuster, that " * * * this lady is really in a pretty bad physical condition * * * " and, by its trial counsel, that it was " * * * quite likely that a Greene County jury will give plaintiffs at least $10,000.00." Other estimates of the value of the Prices' claim, made prior to trial (of which appellant had knowledge) went as high as $15,-000.00. With these facts in its possession, appellant not only refused a settlement offer of $9,500.00, and a secondary offer of $9,000.00, but made a counter-offer of $6,000.00 which, in effect, was to ignore the advice of its trial counsel and its local claims representative who jointly requested settlement authority of at least to $7,500.00. All the foregoing facts, along with others, were given in evidence before the jury in this case. In fairness, it must be noted that appellant's evidence was to the effect that because of the minor nature of the accident and its medical testimony, it considered the prayer of the state court actions prosecuted by the plaintiffs was greatly in excess of the amount of damages suffered by them. Therefore, the basic issue in this appeal is simply factual, i. e. whether or not, with the facts on hand known and available to appellant, it acted reasonably in refusing to accept the offers of compromise, *ante.*

As to the bad faith issue here, the jury was required by the trial court to find that appellant intentionally disregarded the financial interest of the insureds in the hope of lessening its own liability. In this regard, it is noted that in refusing to accept the settlement offer of $9,500.00, the appellant faced the possibility of losing only $500.00 more in the event of an adverse jury verdict, while the possibility of a lesser verdict might decrease its liability below its policy limits. From the facts in the record before us, the only conclusion to be reached is, that a decision was reached by appellant notwithstanding the obvious facts known to it that at a trial of the Price case if a larger excess judgment was returned the insureds could lose several thousand dollars, as opposed to appellant's saving a Five Hundred Dollar ($500.00) loss if the case was not settled. Although the evidence was controverted, it is apparent that the jury in the case at bar experienced no difficulty in finding that appellees did not enter into and agree with the settlement position of appellant, and the record supports the conclusion that appellees were not kept fully informed as to the course of settlement negotiations, although they were advised by appellant's trial counsel that he was representing them as well as the insurer, and that it was not necessary for them to obtain private counsel to protect their rights. These are obviously important factual elements for consideration by the jury in this case as to appellant's "good faith" in the case at bar.

We think it clear from the evidence as noted above and the facts appearing in the record here, that submission of the issue of "negligence and bad faith" of appellant to the jury was proper, and there is ample support for its verdict as returned. The facts, viewed in the light most favorable to appellees,

supply sufficient probative force to support the conclusion reached by the jury; therefore, the factual questions as raised by appellant in this appeal are foreclosed to further consideration by us. Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916 (1946); Chicago G. W. R. Co., et al. v. Robinson, 101 F.2d 994 (8 Cir., 1939). It is true that the evidence was conflicting as to many matters, but this fact only further makes clear that the determination of which appellant here complains, was one for the jury and not to be interfered with on appeal by the substitution of this Court's interpretation of the evidence for that of the jury. Aetna Life Ins. Co. v. McAdoo, 115 F.2d 369 (8 Cir., 1940); Traders & General Ins. Co. v. Powell, 177 F.2d 660 (8 Cir., 1949).

Appellant claims that the Court below was in error, as a matter of law, in declining to give a mandatory instruction requiring the jury to find that a demand to settle on the part of its insureds was made before any liability could attach to it as an insurer; and that it erred in failing to give an instruction as requested, to the effect that the jury could consider its rejection of the offer to compromise, as made, on the ground of advice of its attorney, in determining whether appellant had exhausted all reasonable possibilities of compromise of the litigation above mentioned.

 As to the matter of a demand to settle: Although the Arkansas court in Southern Farm Bureau Insurance Company v. Parker, supra, approved a set of instructions, including, inter alia, one requiring a demand for settlement by the insured, that specific point was not discussed or specifically ruled by the Court in that case. No case has been cited, and we find none, in which the Arkansas Supreme Court has affirmatively decided the above question. This being so, it devolved upon the District Court in the case at bar, sitting in that State, to determine what would probably be the decision of the highest court of the State in a similar factual situation.

King v. Order of United Commercial Travelers of America, 333 U.S. 153, 68 S. Ct. 488, 92 L.Ed. 608 (1948); Southern Farm Bureau Casualty Ins. Co. v. Mitchell, supra. In such a situation this Court will not substitute its judgment for that of the District Court, unless it is clearly demonstrated that it misapplied the local law of Arkansas. Homolla v. Gluck, 248 F.2d 731 (8 Cir., 1957); Charter Oak Fire Insurance Company v. Mann, 304 F.2d 166 (8 Cir., 1962). Certainly, it cannot be said that the District Court here so erred, based on any circumstances appearing in the Parker case, supra, as appellant claims. As noted by this Court in Southern Farm Bureau Casualty Insurance Co. v. Mitchell, supra, at p. 499, the insured's responsibility is not to mislead the insurer or hinder it in its defense of the suit. There is no such evidence in this record. On the contrary, the evidence before the jury was to the effect that appellant's retained counsel told appellee Davis: "Howard, I will protect you just the same as I will Albert Jackson. I am paid to do that." And, "He (retained counsel) also said there was no need of (appellees) going to the expense of hiring a lawyer" to defend this case.

 There is specific authority to the effect that a demand to compromise in a case such as here is not necessary (Highway Ins. Underw. v. Lufkin-Beaumont M. Coaches, 215 S.W.2d 904 (Tex., 1948)); and the commentators seem to be in agreement that a *contra* rule would not only be improper but would be unreasonable under circumstances as here appearing. cf. Anno., 40 A.L.R.2d 168, 219; 7A Appleman, Insurance Law and Practice, f. n. 2.10, p. 553. Particularly is that so where, as here, by the terms of appellant's policy it was given the irrevocable power "to determine whether an offer of compromise shall be accepted or rejected" within its coverage limits. The District Court's determination of the issue of demand to settle in this, as any like case, is a doubtful question of state law which can and should be weighed in conformity with the author-

ity from other jurisdictions, where reasonable.

■ Appellant's objection to the Court's instruction regarding the rejection by appellant of the advice of counsel, is premised upon lack of evidence of any such rejection. Appellant admits that if evidence of such rejection is in the case it would properly be a matter for consideration by the jury respecting its bad faith and negligence, Royal Transit, Inc. v. Central Surety & Ins. Corp., 168 F.2d 345 (7 Cir., 1948), but asserts that no such question is here present. Reviewing the facts, it appears that appellant refused to accept local counsel's advice to keep the question of liability from the jury because of the prejudicial material inherent in that issue. It is also noted that in the face of counsel's estimate that a local jury would probably award at least $10,000.00, and specific request for $7,500.00 settlement authority, appellant refused to grant or offer more than $6,000.00. We agree with appellant that here we have no "stubborn and persistent" refusal to follow advice, such as was present in the Royal Transit case, but we think there is here present a factual question sufficient to warrant submission of the above issue to the jury.

■ Appellant also complains of that portion of the instructions as given in this case, wherein the Court instructed the jury as to the various facts it might consider, including:

"* * * all other circumstances in the case in determining whether or not, in the exercise of due care and good faith, the insurance company diligently and fairly exhausted all reasonable possibilities of compromise."

It is appellant's contention that this instruction requires the insurer to place the rights of an insured in a priority position, thus subjugating its own interests. It is correctly noted by appellant that the law of Arkansas requires only that the interests of the insured be given equal consideration with those of the insurer. Home Indemnity Co. v. Snowden, supra; Southern Farm Bureau Casualty Ins. Co. v. Parker, supra. It is not apparent to us that the instruction here complained of had the import asserted by appellant. It is noted first that the Court specifically instructed the jury as to the equal consideration due the interests of both parties, in the language of American Fidelity & Cas. Co. v. Nichols, 173 F.2d 830, 832 (10 Cir., 1949),[4] which language was quoted with approval in Southern Farm Bureau Casualty Ins. Co. v. Parker, supra. It seems apparent that exhausting *reasonable* settlement possibilities is the minimum required by such instruction in order to give the insured equal consideration as required by the prior Arkansas decisions. Taken alone, this instruction might give the impression as to the priority of an insured, but considered in context with the other instructions we think the law is correctly stated. One instruction may not be lifted out of context to predicate error * * * rather, the instructions as a whole must be considered together. United Electrical R. & M. Workers v. Oliver Corp., 205 F.2d 376 (8 Cir., 1953); Jones Truck Lines v. Argo, 237 F.2d 649 (8 Cir., 1956).

■ Finally, appellant asserts error on the part of the Court in excluding certain graphic evidence offered by it. From the record it appears that the exhibit in question consisted of a photographic enlargement of excerpts from the testimony of plaintiffs' medical expert in the damage suit arranged in columnar form with corresponding excerpts from medical depositions favorable to the defendant. There is no question that the admission of such demonstrative evidence is within the discretion of the trial court. Sedlack v. General

---

4. "* * * While the insurance company, in determining whether to accept or reject an offer of compromise, may properly give consideration to its own interests, it must, in good faith, give at least equal consideration to the interests of the insured and if it fails so to do it acts in bad faith."

Motors Corporation, 253 F.2d 116 (7 Cir., 1958); 32 C.J.S. Evidence § 602. The purpose of such exhibit was to illustrate the grounds on which appellant felt justified in refusing settlement. This exhibit was merely repetitious of other evidence, and so far as we can ascertain from the record, conclusory on the part of appellant. Only a jury can make conclusions from the evidence adduced at a trial, and no prejudice is shown to here exist by the rejection of such exhibit as to convince us that the Court below abused its discretion in this instance.

As the evidence is sufficient to support the verdict of the jury and no error appears, the judgment is

Affirmed.