TRI-STATE INSURANCE CO. *v.* MARY BUSBY ET AL

5-5686                                              473 S.W. 2d 893

Opinion delivered December 6, 1971
[Rehearing denied January 10, 1972.]

*Wright, Lindsey & Jennings,* for appellant.

*Spears & Sloan,* for appellees.

FRANK HOLT, Justice. This is an action to recover damages in excess of the insured's policy limits. The appellant issued to appellee Ethel Louise Nelson (Mrs. W. P.) an automobile liability insurance policy with coverage limited to $10,000 as to any one claim. On July 10, 1964, as appellee Nelson drove her car away from a curb she struck and injured appellee Mary Busby as she stepped into the street. A jury awarded Mrs. Busby $20,000 damages and her husband, appellee Bruce Busby, $5,000. The jury also found Mrs. Nelson 65% negligent and Mrs. Busby 35%. After appropriate deduc-

tions for Mrs. Busby's contributory negligence, the court reduced the awards to $13,000 for Mrs. Busby and $3,250 for her husband, making a total of $16,250. We affirmed this judgment. *Nelson et al v. Busby et al,* 246 Ark. 247, 437 S. W. 2d 799 (1969). Thereupon the appellant paid only the $10,000 policy limit with interest. The present action was brought by the Busbys against the appellant to recover the excess judgment. Appellee Nelson and her guardian, Mrs. Littlefield, joined in the complaint for the use and benefit of the Busbys.

Appellees alleged that the appellant was negligent and acted in bad faith in failing to settle, within the policy limits, the Busbys' personal injury suit. Appellees asked that they be awarded $6,250, together with interest thereon from May 28, 1968, the date of the original judgment; that a 12% penalty be assessed; and a reasonable attorney's fee be awarded. The trial court, sitting as a jury, awarded the Busbys $6,250, together with interest only from the date of this judgment. Appellant appeals from this judgment. Appellees cross-appeal from the court's refusal to award the 12% penalty, reasonable attorney's fee, and interest on the excess judgment from the date of the original judgment in May 1968.

For reversal appellant contends that the trial court erred in holding that the legal test for determining whether appellant would be liable to appellees for the excess judgment was whether or not appellant exercised "bad judgment." We think the appellant is correct. It is well established in our State that an insurer is liable to its insured for any judgment in excess of the insured's policy limits if the insurer's failure to settle the claim was due to fraud, bad faith, or negligence. *Southern Farm Mutual Cas. Ins. Co. v. Parker,* 232 Ark. 841, 341 S. W. 2d 36 (1960); *Home Indemnity Co. v. Snowden,* 223 Ark. 64, 264 S. W. 2d 642 (1954); *McChristian v. State Farm Mutual Auto. Ins. Co.,* 304 F. Supp. 748 (W. D. Ark. 1969); *State Farm Mutual Auto. Ins. Co. v. Jackson,* 346 F. 2d 484 (8th Cir. 1965); *Great American Ins. Co. v. Ratliff & Holland,* 242 F. Supp. 983 (E. D. Ark. 1965).

In the case at bar the court, in its findings, noted that it had heard the original case tried and after listening to the trial of this case, it was the court's opinion that: "Counsel for defendant [appellant] and the other agents, servants and employees of the insurance company which had to do with this claim and this case, exercised bad judgment and not bad faith; I'm not willing to call it that at all; I don't think anybody exercised bad faith in this case at all, some have called it bad faith and I think it is a mistake." As to negligence, the court stated: "I don't know whether you would call it negligent conduct or not." Later the court said: "You can say it amounts to negligence if you want to, but to me it is purely the proposition of being mistaken in your judgment of the evaluation of the case and I think the insurance company and all of them were mistaken in the evaluation of this case."

It appears that the issue before this court is to decide whether "bad judgment" is equivalent to "negligence." Appellees present the argument that the finding of the trial court that appellant exercised "bad judgment" is actually more serious than finding negligent conduct. Appellees cite to us dictionary definitions of the words "bad" and "judgment" in support of their argument that this amounts to negligence or more than negligence. No case authority is cited that "bad judgment" is equated with "negligence." Nor do we so construe the finding of the court. It appears to us that the finding of the court on the issue of negligence was not clear and conclusive. This being true, we are of the view that the judgment should be reversed and the cause remanded for a retrial upon all of appellees' allegations and a more definitive ruling with respect to the issues in accordance with our established decisions.

Appellant next contends that as a matter of law there was no substantial evidence to support a finding that appellant was guilty of negligence or acted in bad faith in failing to settle the Busbys' personal injury claim within the Nelson policy limits. We cannot agree. The insured, Mrs. Nelson, an elderly woman, had stopped her car at a street curb at the local post

office and as she moved forward she struck Mrs. Busby, a pedestrian. Mrs. Nelson's car skidded 21 feet, allegedly dragging Mrs. Busby this distance, and stopped with Mrs. Busby underneath one of the wheels. Mrs. Busby suffered extensive personal injuries consisting of numerous bruises and lacerations on her back and head with cinders in her wounds; a broken right shoulder blade which has never properly healed and grates upon movement which is a permanent condition; one of her vertebrae was "squashed down" or flattened with resulting degeneration; and a 15 to 25% permanent partial disability to the body as a whole. Her special damages were $2,663.10. Admittedly, neither Mrs. Nelson nor her sister, 90 years of age and a passenger in the Nelson car, ever saw Mrs. Busby. Mrs. Nelson, about 82 years of age, was known in the community as being a fast and imprudent driver. She had experienced "several run-ins" and two accidents; she had a bad reputation as a driver, to the extent that "there had been a move underfoot to take her license away from her." It appears that sometime before the original trial, because of senility it was necessary to appoint a guardian for her. All of these facts were known to the appellant-insurer. The policy issued to her by appellant was substandard.

Preceding the original trial, the Busbys had offered to settle their claim for $9,950. The appellant authorized a $5,000 "working authority" and then limited its offer to $4,000 which was refused. During the trial the Busbys renewed their offer to settle the case for $9,995 (also recommended by appellee Nelson) which appellant refused. In doing so, the appellant took the position there was no liability on the part of its insured. In the case at bar appellant presented two attorneys who testified that they had reviewed appellant's files, together with the trial transcript and the evidence pertaining to the original trial, and were of the view that appellant had exercised reasonable judgment and had acted in good faith in its settlement negotiations. They were of the view, as was appellant, that the appellees' case was fairly weak as to liability and there was a high degree of contributory negligence on the part of appellee, Mrs. Busby. An attorney for Mrs. Nelson testified that from

his knowledge of the case the appellant had exercised extremely poor judgment in evaluating the case. A letter from him to appellant's attorney, after the original trial, advised that: "It is Mrs. Nelson's position, as you have been repeatedly advised, that the insurance company acted in bad faith in not settling this lawsuit within the coverage when given ample opportunity to do so."

In the circumstances, it is our view that a fact question was presented to the jury as to whether appellant was negligent or failed to act in good faith in refusing to reach a settlement within the limits of the policy. It will be noted that in court chambers, in the absence of the jury, the appellant unconditionally refused appellees' final settlement offer of $9,995 by stating there was no liability.

On cross-appeal the appellees assert that the court erred in failing to award them 12% damages on the amount of the judgment, a reasonable attorney's fee, and interest on the excess judgment from May 13, 1968, the date of the original judgment, until paid. This statutory penalty for damages and attorney fees is provided for in Ark. Stat. Ann. § 66-3238 (Repl. 1966). In the case at bar the appellant has paid the full $10,000 limits of the policy and the present judgment is for the $6,250 in excess of the policy limits. An action to recover damages in excess of the policy limits sounds in tort. *Southern Farm Bureau Cas. Ins. Co.* v. *Hardin*, 233 Ark. 1011, 351 S. W. 2d 153 (1961). There a suit to recover a judgment in excess of the policy limits was brought by the insured against his insurer for failing to accept an offer to settle a lawsuit against the insured within the limits of the liability coverage. There we said: "[T]he action is one in tort and interest should be allowed only from the date of the judgment in the case at bar." See, also, *Zumwalt* v. *Utilities Ins. Co.*, 228 S. W. 2d 750 (Mo. 1950).

Since appellees' action sounds in tort, and is not ex contractu, we hold that the court was correct in refusing the 12% penalty, reasonable attorney's fee, as well as interest from the date of the original judgment.

Neither can we agree with appellees' assertion that the court should adopt the rule of strict liability. We adhere to our previous rulings that an insurer is liable only upon proper proof of fraud, bad faith, or negligence in its refusal to settle claims within the policy limits.

Reversed and remanded on direct appeal; affirmed on cross-appeal.