**H & S MOTOR FREIGHT, INC., Plaintiff,**

v.

**TRUCK INSURANCE EXCHANGE, Defendant.**

No. 80–0664–CV–W–1.

United States District Court, W. D. Missouri, W. D.

June 16, 1982.

John L. Hearne, Thomas H. Hearne, Jefferson City, Mo., for plaintiff.

Richard H. Heilbron, Heilbron & Powell, Kansas City, Mo., for defendant.

MEMORANDUM AND ORDERS DENYING ALL PENDING MOTIONS

JOHN W. OLIVER, Senior District Judge.

I.

This case pends on (1) defendant's motion for a judgment notwithstanding the verdict, or, in the alternative, motion for new trial, filed March 24, 1982, and (2) plaintiff's motion for new trial, filed March 26, 1982.

Pursuant to agreed orders, the filing of briefs was postponed until the transcript of the trial was prepared and delivered to counsel.[1]

---

1. Plaintiff did not file any separate brief in support of its motion for new trial. Its principal brief was in opposition to defendant's alternative motions. On the last page of its brief in opposition, plaintiff suggests that "the Court grant its motion for a new trial, but only with

Defendant's brief in support of its alternative motion states that the "grounds for a new trial are the same as those recited in its motion for judgment notwithstanding the verdict" and that "the suggestions in support of that motion be considered in connection with the latter motion." It is therefore necessary only to discuss the three grounds relied upon by defendant in support of both motions.

## II.

Defendant states that its "first ground for its motion is that plaintiff made no demand upon defendant to settle within policy limits." Defendant cited and relied upon the following cases: *McCombs et ux. v. Fid. & Cas. Co. of N. Y.*, 231 Mo.App. 1206, 89 S.W.2d 114 (1936); *Zumwalt et al. v. Utilities Ins. Co.*, 360 Mo. 362, 228 S.W.2d 750 (1950); *Landie v. Century Ind. Co.*, 390 S.W.2d 558 (Mo.App.1965); *Western Cas. & Sur. Co. v. Herman*, 405 F.2d 121 (8th Cir. 1968); *Dyer v. Gen. Am. Life Ins. Co.*, 541 S.W.2d 702 (Mo.App.1976).

Defendant argued that "in no Missouri case where such a recovery was sought has recovery been permitted without proof that a demand was made by the insured and rejected by the insurer," and that "lack of such a demand in this case constituted a failure of proof of an essential element of plaintiff's claim and defendant's motion should have been sustained for this reason."

■ While the factual circumstances in the Missouri cases in which plaintiffs have recovered did involve demands made by the insured and rejected by insurer, we are satisfied that the making of such a demand is not, under applicable Missouri law, an element of plaintiff's claim. *Zumwalt* is, of course, the leading Missouri case decided by the Supreme Court of Missouri. The Missouri Court of Appeals, Kansas City District, in *Craig v. Iowa Kemper Mut. Ins. Co.*, 565 S.W.2d 716 (Mo.Ct.App.K.C.Dist. 1978), illustrates the continued vitality of *Zumwalt* and the expansion of principles

stated in that case to include principles enunciated by courts other than Missouri and principles stated by recognized commentators on insurance law.

*Craig*, in reliance on *Couch on Insurance, 2d*, § 23:8 (Supp. p. 8) stated:

The general jurisprudence recognizes that a policy of insurance imports the utmost good faith by the insurer to perform according to its terms. This principle extends to imply a covenant of good faith and fair dealing from every contract of insurance.

In reliance upon *Zumwalt* and Appleman, *Insurance Law & Practice*, §§ 4711–12, *Craig* stated that "the covenant imposes on an insurer which assumes control over the proceedings against the insured the duty of good faith to settle the claim within the policy limits and allows recovery in tort to the insured for breach of that duty."

And *Craig*, again in reliance upon *Zumwalt*, *Appleman*, and cases from New Jersey and Florida, stated the following:

The fiduciary duty of an insurer for good faith rests on the reservation of exclusive right to contest or negotiate the claim of liability brought against the insured, and so withhold from the insured the right to settle without consent of the insurer. *Zumwalt v. Utilities Ins. Co.*, supra, l. c. 753[2]. Such terms of agreement repose in the insurer the power to act for the insured, akin to authority a client vests in an attorney, or a principal in an agent—each a relationship of inherent fiduciary obligation.

It is interesting to note that on pages 374–76 of § 4711 of Appleman, cited and expressly relied upon in *Craig*, it is stated that "an insurer cannot be held liable unless it would have been able to settle its obligation within the policy limits, *but a settlement demand within policy limits is not required before the insurer has an obligation to respond*." (emphasis ours) On page 387 of the same section it is stated that

---

respect to the issue of damage, there being no prejudice as to the other matter." That relief was not prayed for in plaintiff's motion. The

short argument made in support of plaintiff's suggestion is not tenable and plaintiff's motion for a new trial will accordingly be denied.

"absence of an offer is only one factor in considering whether an insurer was guilty of bad faith in failing to settle a claim against the insured." And on page 398 of § 4711, Appleman states that "an insurer may not set up, as a defense to the insured's action against it for the amount of a judgment rendered against the insured, the fact that the insured did not demand acceptance by the insurer of an offer of settlement because the insurer by reserving to itself the right to make settlements was estopped from relying upon the insured to make a demand that the claim be settled within the policy limits."

It is of particular interest to note that the Eighth Circuit case of *State Farm Mutual Automobile Insurance Co. v. Jackson*, 346 F.2d 484 (8th Cir. 1965), was cited in support of the last quoted statement from Appleman. While Judge Ridge was considering Arkansas law in *Jackson*, it is apparent that Arkansas law is not substantially different from the applicable law of Missouri. Indeed, Judge Ridge noted that:

> There is no longer any doubt in most jurisdictions, including Arkansas (see cases collected in Anno., 40 A.L.R.2d 168) that a liability insurer can render itself liable for the amount of a judgment against its insured in excess of policy limits because of its bad faith or negligent failure to compromise within policy limits.

The appellant in *Jackson* contended that the district court was in error in failing to require the jury to find that a demand to settle had been made by the insureds against the insurer. That question had not been ruled by the Arkansas Supreme Court. The Eighth Circuit rejected the argument by holding that:

> There is specific authority to the effect that a demand to compromise in a case such as here is not necessary (*Highway

*Ins. Underw. v. Lufkin-Beaumont M. Coaches*, 215 S.W.2d 904 (Tex.Civ.App. 1948); and the commentators seem to be in agreement that a *contra* rule would not only be improper but would be unreasonable under circumstances as here appearing, cf. Anno., 40 A.L.R.2d 168, 219; 7A Appleman, Insurance Law and Practice, fn. 2.10, p. 553. . . . The District Court's determination of the issue of demand to settle in this, as any like case, is a doubtful question of state law which can and should be weighed in conformity with the authority from other jurisdictions, where reasonable.

The Eighth Circuit cited *Jackson* with approval in *Herges v. Western Casualty & Surety Co.*, 408 F.2d 1157 (8th Cir. 1969), when it reversed the district court's finding that the defendant had not violated the rule of good faith in failing to settle within policy limits.[2]

14 Couch, *Cyclopedia of Insurance Law*, p. 520 (1981 Supp.), cited *Jackson* to support its statement that:

> The liability of the insurer for negligence or bad faith in refusal to settle within policy limits is not predicated upon a demand to settle by the insured. This is particularly so where, by the terms of the policy, the insurer has been given the irrevocable power to determine whether an offer of compromise shall be accepted or rejected within the coverage limits."

See also *State Auto. Ins. Co. v. Rowland*, 221 Tenn. 421, 427 S.W.2d 30 and *Cernocky v. Indemnity Insurance Co. of North America*, 69 Ill.App.2d 196, 216 N.E.2d 198, 205 (1966). The latter case held that " . . . the fact that no offer was made by Marquardts to settle within the policy limits is merely one factor to be considered in light of the surrounding circumstances in determining whether the defendant was guilty of bad faith."

---

**2.** See Ponick, *Duty of Insurer with Respect to Settlement Offers Within Policy Limits*, 26 Journal of the Missouri Bar 284 (June, 1970), in which it is properly stated that *Herges* has "significance in terms of Missouri law" for the reason that the "law of Missouri and that of Minnesota is essentially the same with respect to the duty of an insurer to settle within policy limits." See also *Riske v. Truck Insurance Exchange*, 490 F.2d 1079 (8th Cir. 1974), in which the district court's action in setting aside a plaintiff verdict was reversed under Minnesota law.

We are satisfied that when the precise question is presented to a Missouri court, it will be held that the making of a demand by the insured and a rejection of the demand by the insurer is not an essential element of a plaintiff's claim that the defendant's bad faith failure to settle.

### III.

Defendant's "second ground for its motion is that the acts of Attorney Brinker, in preparing and trying the case in which he defended plaintiff, even if they had been detrimental to plaintiff, did not amount to bad faith." We are satisfied from our examination of the transcript of the trial, which is accurately summarized in plaintiff's brief in opposition to defendant's motion, that there is sufficient evidence to support the jury's finding of defendant's bad faith, including, but not limited to, the actions of Attorney Brinker.

### IV.

Defendant's final point relates to a portion of plaintiff's argument to the jury which defendant concededly failed to object to and which defendant apparently would have us consider under the plain error rule. We have reviewed that argument and would have overruled defendant's objection if an objection had been made at trial.

Defendant commendably recognizes that all the issues of fact were submitted to the jury under instructions which the defendant agreed accurately stated the applicable Missouri law. We are satisfied that the defendant received a fair trial and that its alternative motion should be denied.

### V.

For the reasons stated, it is

ORDERED (1) that defendant's motion for a judgment notwithstanding the verdict, or, in the alternative, motion for new trial, should be and the same is hereby denied. It is further

ORDERED (2) that plaintiff's motion for new trial should be and the same is hereby denied.